LEE SPRADLING, EMPLOYEE-PETITIONER, APPELLANT, v. WACKMAN WELDED WARE COMPANY, EMPLOYER-DEFENDANT, AND UNION INDEMNITY COMPANY, INSURER, RESPONDENTS.—205 S. W. (2d) 290.

St. Louis Court of Appeals. Opinion filed October 21, 1947.

Appellant's Motion for a Rehearing or, in the Alternative, to Transfer to Supreme Court, Overruled November 19, 1947.

*Thomas L. Sullivan* and *Joseph W. Dierker* for appellant.

*Roby Albin* for respondent, Wackman Welded Ware Co.

ANDERSON, J.—This is an appeal from an order of the Circuit Court, which dismissed appellant's petition for a judgment on an award of the Missouri Workmen's Compensation Commission.

On February 16, 1929, appellant, an employee of respondent Wackman Welded Ware Company, suffered an injury arising out of and in the course of his employment. Thereafter an agreement for compensa-

tion was entered into between appellant and respondent Wackman Welded Ware Company and its insurance carrier, respondent Union Indemnity Company, which agreement was filed with the Missouri. Workmen's Compensation Commission on March 28, 1930. On the same day, the Commission issued its award, based upon said agreement, which ordered the payment to apellant by respondent Wackman Welded Ware Company and/or its insurance carrier compensation in the sum of $16.50 per week for 227 weeks, together with medical aid as provided by the Act. Said award provided that payment of the sums awarded should begin as of February 17, 1929. No appeal from said award has ever been filed.

The employer and insurer paid the amounts due under the award until 195 weeks of compensation had been paid. The payment due November 21, 1932, was not paid, nor has any payment been made since, the reason being that respondent's insurance carrier became insolvent at about the time payments ceased. There now remains unpaid 32 weeks of compensation.

On June 7, 1946, appellant filed in the Circuit Court a certified copy of the agreement and the award of the Commission, together with his petition, which prayed that judgment be entered against the employer for the principal sum of $537.88, with interest thereon at the rate of 6% per annum from June 24, 1933, together with costs as provided by Section 3733 of the Revised Statutes of 1939.

To this petition respondent Wackman Welded Ware Company filed its motion to dismiss, on the ground that the proceeding was barred by the statute of limitations. The court sustained said motion, and dismissed employee's petition.

Appellant's contention appears to be that the filing of an agreement for compensation with the Commission is the commencement of an action which is terminated by a judgment of the Circuit Court entered pursuant to Section 3733, Revised Statute Missouri 1939, Mo. R. S. A. Sec. 3733, and that the statute of limitations does not run while the action is pending. He also points out that the statute contains no provision fixing the time within which the award may be filed under Section 3733, Revised Statute Missouri, Mo. R. S. A. Sec. 3733.

With this contention we cannot agree. A final award of the Missouri Workmen's Compensation Commission in a proceeding within its jurisdiction is an adjudication of the rights of the parties as effective as a judgment of a court of law. Wors v. Tarlton, 234 Mo. App. 1173, 95 S. W. (2d) 1199; State ex rel. Wors v. Hostetter, 343 Mo. 945, 124 S. W. (2d) 1072; Winschel v. Stix, Baer & Fuller Dry Goods Co., Mo. App., 77 S. W. (2d) 488. The proceeding under Section 3733 *supra* is not a part of the proceeding for the establishment of claimant's rights, but is merely a method adopted for the enforcement of such awards, in lieu of machinery of enforcement which might have been provided for and given the Commission itself. Claimant's substantive rights

having been established by the final award of the Commission, the applicable statute of limitations began to run from the date the employer or insurer refused to comply with the award.

Section 3727, Laws of Missouri, 1941, provides for a limitation on the filing of claims before the Commission. It then provides:

"In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property . . ."

Liability under the Compensation Act is contractual in its nature, and an award of compensation is an obligation in writing to pay money. We therefore believe that it was the intent of the General Assembly that the ten-year statute of limitations, Section 1013 Revised Statute Missouri 1939, Mo. R. S. A. Sec. 1013, should apply to awards under the Act. In this case appellant failed to seek enforcement of the award within ten years after payments became due.

The trial court, therefore, properly sustained the motion to dismiss of respondent Wackman Welded Ware Company.

The judgment appealed from is affirmed. *McCullen, P. J.* and *Hughes, J.*, concur.