**Jeffrey C. VAUGHAN, Appellant,**

v.

**COUNTY OF MISSISSIPPI, Missouri,
Employer and Insurer, Respondent.**

No. 10853.

Missouri Court of Appeals,
Springfield District.

July 11, 1978.

Jeffrey C. Vaughan, Joslyn, Joslyn, Vaughan & Pruett, Charleston, for appellant.

Edward C. Graham, Pros. Atty., Charleston, for respondent.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

This is an action to enforce an attorney's lien by execution and garnishment issued in aid thereof. Upon defendant's motion, the trial court has quashed the execution and the plaintiff, a practicing attorney, has appealed.

Defendant Mississippi County, a county of the third class, has elected to accept the provisions of the Workmen's Compensation Law as a self-insurer. On October 24, 1974 one Thurston B. Drummond, then a county employee, sustained fatal injuries in a compensable accident. On October 26, 1976, the Division of Workmen's Compensation made an award of death benefits to Drummond's widow pursuant to the statute then codified as § 287.240, Laws of Mo.1974, pp. 861–863.

Extensive findings of fact and rulings of law were attached to the award. The findings of fact and rulings of law included an order apportioning the proceeds of a third-party recovery between the widow and the employer. The employer was credited with an advance payment of 279⁴/₇ weeks of compensation and was held liable for payment of death benefits commencing March 2, 1980. The Division further found it was necessary for the claimant to obtain plaintiff's services and that plaintiff was entitled to an attorney's fee in the amount of $2,500. The award proper ordered immediate payment of $800 to the claimant as burial expenses, and further (1) ordered payment of weekly benefits to the claimant beginning March 2, 1980, and (2) allowed plaintiff's fee in the amount of $2,500, "said fee [to] constitute a lien on said compensation."

Commendably attempting to simplify the issues on appeal, the parties have filed an

abbreviated or partial transcript of the record as authorized by Rule 81.12(b), V.A. M.R. The partial transcript indicates that no review of the Division's award was sought; the award and findings were filed and recorded in the Circuit Court of Mississippi County on December 10, 1976. The clerk's notation indicates that the award was recorded in a transcript judgment book, but the writ of execution issued January 5, 1977, before rendition of a judgment by the circuit court.

 It must be borne in mind that this appeal comes to us on quashal of a fieri facias sued out of a circuit court. It is true that a final award of the Division is an adjudication of the rights of the parties as effective as the judgment of a court of law and constitutes an obligation in writing to pay money. *Spradling v. Wackman Welded Ware Co.*, 239 Mo.App. 1195, 1198–1199, 205 S.W.2d 290, 291[1][4] (1947). Ordinarily enforcement by execution should be unnecessary. However, a fi. fa. must be supported by a valid unsatisfied order, decree or judgment of a court. *Woods v. Woods*, 236 Mo.App. 855, 159 S.W.2d 320, 323[6] (1942). The Division itself is without authority to enforce an award; a judgment must be entered thereon. § 287.500, RSMo (1969). Because the record shows no such final judgment, we are without appellate jurisdiction. *McCoy v. Simpson*, 344 Mo. 215, 217, 125 S.W.2d 833, 834[2][3] (1939).

The submission in this court is set aside; the cause is remanded to the circuit court with alternative directions: (a) to enter judgment upon the award as of December 10, 1976, if no judgment was in fact then entered, or (b) to order the judgment made and entered supplied to this court, if a judgment was entered as required by § 287.500, RSMo (1969). If the judgment was entered but has been omitted by the parties, the appeal may be resubmitted upon supplementation of the abbreviated transcript, if the parties so desire. If no judgment was entered, a new execution must issue and further proceedings be had. It is so ordered.

All concur.