Jeffrey C. VAUGHAN,
Plaintiff-Appellant,

v.

COUNTY OF MISSISSIPPI, Missouri,
Employer and Insurer,
Defendant-Respondent.

No. 11141.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 26, 1979.

Jeffrey C. Vaughan, Joslyn, Joslyn, Vaughan & Pruett, Charleston, for plaintiff-appellant.

Edward C. Graham, Pros. Atty., Charleston, for defendant-respondent.

BILLINGS, Presiding Judge.

On August 9, 1978, the Circuit Court of Mississippi County rendered a final judgment on an award by the Division of Workmen's Compensation, pursuant to § 287.500,[1] and in accordance with the directions of this court in *Vaughan v. County of Mississippi,* 568 S.W.2d 817 (Mo.App.1978). The court's judgment "awarded" plaintiff a $2,500 fee for legal services rendered to an employee's widow in a workmen's compensation case and held that this fee constituted ". . . a lien on the compensation payable to said widow and shall be payable to said (plaintiff) out of the first installments payable to said widow until fully paid." Plaintiff seeks review of the court's holding that his fee is payable from future installments and is not now due in a lump sum. We affirm.

On October 24, 1974, a Mississippi County employee sustained fatal injuries in a compensable accident. Plaintiff, a practicing

1. Reference to statutes are to Missouri Revised Statutes 1969.

attorney, represented the widow of this employee before the Division of Workmen's Compensation and was awarded an attorney's fee in the amount of $2,500. The award provided that ". . . said fee shall constitute a lien on said (widow's) compensation." An asterisk was placed beside the awards to the widow and to plaintiff, directing attention to the condition that "Each of said payments to begin March 2, 1980." Plaintiff sought no review of the Division's award and filed a certified copy of the award with the Circuit Court of Mississippi County on December 10, 1976. A final judgment, pursuant to § 287.500, was entered by the circuit court on August 9, 1978.

■ Plaintiff's sole assignment of error is that the trial court erred in its judgment that plaintiff's fee is payable out of the first payments to the widow and that a "lump-sum" payment of plaintiff's fee is not now due. Plaintiff now seeks a review of the award by the Division and judgment entered thereon by the circuit court, despite the fact that no review of the award by the Division was sought by plaintiff, pursuant to § 287.490.

Section 287.490 provides, in part, that:

"The final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred . . ."

Section 287.500 states that:

"Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of . . . an award of the division . . . from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties. *Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court.*" (Emphasis added).

In *Brashear v. Brand-Dunwoody Milling Co.,* 21 S.W.2d 191 (Mo.App.1929), this court interpreted § 44 (now § 287.490) and § 45 (now § 287.500) of the then new Missouri Workmen's Compensation Act.

Of significance, the court stated:

"The circuit court, when acting under section 45, has no discretion in entering its judgment; nothing is properly before the court, except the award itself; the finding of facts is not to be considered, as there is no provision for filing such finding under section 45; the only judgment the circuit court can enter must be in accordance with the decision of the commission. Section 44, as before stated, makes the award binding and conclusive on all parties, unless an appeal be taken within 30 days from the date of the award. If that language were to be given its full effect, failure to so appeal would prevent any other appeal, since the parties failing to appeal are bound by the award. While the judgment allowed by section 45 was intended only as a method of enforcing the award of the commission by permitting an execution to issue on a judgment of the circuit court, it also seems to permit an appeal. This right of appeal, if upheld at all, should not be distorted into providing a further method of complete review of the award of the commission after the time for appeal under section 44 has been permitted to expire. *At most such appeal can bring before this court only the record proper, which we conceive to be the award of the commission and the judgment of the circuit court.*" 21 S.W.2d at 192. (Emphasis added).

In accordance with *Brashear,* only the award of the Division and the judgment of the circuit court, the "record proper", are before this court on appeal. As such, the judgment of the circuit court will be affirmed if the award was within the jurisdiction of the Division and the judgment was entered in accordance with the award and § 287.500.

■ Section 287.260 provides, in part, that:

". . . the division or the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if the services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments."

Section 287.260 clearly allows the Division to award reasonable attorney's fees, payable either in a lump sum or installments. Here, the Division's award gave plaintiff a lien on the compensation payable to the employee's widow and stated that ". . . payments to begin March 2, 1980." Pursuant to § 287.260, the award of attorney's fees in installments is within the jurisdiction and power of the Division. The circuit court's judgment that ". . . the sum of $2,500 for legal services rendered employee's widow . . . shall constitute a lien on the compensation payable to said widow and shall be payable to said (plaintiff) out of the first installments payable to said widow until fully paid" was entered in accordance with the award of the Division and § 287.500.

Under the "record proper", the judgment is regular and within the jurisdiction of the Division, as well as the circuit court. It follows that the judgment should be affirmed.

All concur.