Stuart I. PLATT, Petitioner/Respondent,

v.

Angela R. PLATT, Respondent/Appellant.

No. 59067.

Missouri Court of Appeals, Eastern District, Division One.

July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 5, 1991.

Application to Transfer Denied Oct. 16, 1991.

Robert F. Summers, Theresa Counts Burke, St. Louis, for respondent/appellant.

Susan B. Blaney, Clayton, for petitioner/respondent.

GRIMM, Judge.

In May, 1988, a consent judgment concerning temporary custody was entered. It provided that mother "shall permanently move with the [parties] minor child to the St. Louis Metropolitan area on or before September 5, 1988." This custody provision was incorporated in an April 12, 1989 decree of dissolution.

Both parties appealed. However, they settled their appeals on July 6, 1989. The settlement agreement provided, among other things, that "[mother] agrees to relocate to the metropolitan St. Louis area on or before September 1, 1989." As agreed, mother and daughter moved to St. Charles County, where they reside.

In 1990, mother filed a "Motion to set aside portion of judgment which is void and/or which is no longer of any force and effect." She claims the quoted decree requirement is void; further, she wants to reside in Mexico, Mo., which is outside the St. Louis Metropolitan area.

Father moved to dismiss mother's motion, contending mother was seeking to modify "by way of a Motion to Set Aside." He claimed the correct procedure is for mother to file a motion to modify. The trial court agreed, and dismissed mother's motion.

On appeal, mother claims it was error "to dismiss [her] amended motion to declare [a] portion of judgment void and/or no longer of any force and effect [because] a direct motion under 74.06(b) Mo.R.Ct. was the proper method for challenging the prior court order." She argues that the portion of the judgment concerning residency is void as it was a violation of public policy.

We disagree and affirm. A Rule 74.06(b) motion to declare a judgment void is only appropriate when the court which rendered that judgment lacked jurisdiction over the subject matter or the parties, or acted in a manner inconsistent with due process of law.

Rule 74.06(b) is not referred to in mother's motion. However, the parties agree that mother's motion seeks relief under its provisions.

Rule 74.06(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Rule 74.06(b) was adopted in 1987, effective January 1, 1988. As far as we can determine, no Missouri decision has ruled what constitutes a "void judgment" for purposes of this rule.

Rule 74.06 was patterned after Fed. R.Civ.P. 60, although with substantial modifications. However, the grounds "for setting aside a final judgment [for being void] are essentially the same in the federal and state system." Laughrey, *Judgments— The New Missouri Rule*, 44 J. OF THE MO. BAR 11, 17 (1988). Federal decisions construing Rule 60 are persuasive in applying Rule 74.06(b). *See In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App. E.D.1989). Hence, we look to the federal decisions.

Under the federal rule, "[A] judgment is not void merely because it is erroneous, but only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir.1974), *cert. denied*, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309. Or, stated another way, a judgment is not void under the federal rule "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional."

*Marshall v. Bd. of Ed., Bergenfield, N.J.,* 575 F.2d 417, 422 (3d Cir.1978). *See also* 11 C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2862 (1991).

Mother does not assert the trial court lacked jurisdiction over her or the subject matter, nor does she claim her rights to due process were violated. She merely claims that portions of the judgment are void, namely that the St. Louis area residence requirement is void as against public policy, and that the requirement is void because father failed to comply with his part of the agreement. This is not the type of "void judgment" encompassed by Rule 74.06(b)(4).

In discussing the federal rule, Professor Moore observed: "In the sound interest of finality, the concept of void judgment must be narrowly restricted." 7 J. Moore & J. Lucas, MOORE'S FEDERAL PRACTICE § 60.25[2] (2d ed.1991). We agree.

The trial court did not err in dismissing mother's Rule 74.06(b)(4) motion. The trial court's judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.