John H. BROWN, Plaintiff–Respondent,

v.

COLOR COATING, INC., Defendant,

and

State Insurance Fund of Oklahoma,
Defendant–Appellant.

No. 18466.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 1993.

Ronald G. Sparlin, Blanchard, Van Fleet, Martin, Robertson & Dermott, P.C., Joplin, for defendant-appellant.

No appearance, for plaintiff-respondent or defendant Color Coating, Inc.

GARRISON, Judge.

The State Insurance Fund of Oklahoma (Insurer) appeals from a circuit court judgment based on a Workers' Compensation award in favor of respondent (Employee). The award resulted from a claim filed by Employee for an injury he sustained at Fort Leonard Wood, Missouri, while employed by Color Coating, Inc. (Employer).[1]

The Missouri Division of Workers' Compensation (Division) entered an initial award in favor of the Employee against both the Insurer and Employer. The Insurer wrote a letter to the Administrative Law Judge pointing out that Exhibit No. 1 (its insurance policy) provided that there was no coverage for accidents outside Oklahoma if the contract of employment was not entered into in that state, and that the Employee testified he was hired through a telephone call from Kansas to Missouri.[2] It reiterated its contention that no coverage was provided for Employee's claim. In response, the Administrative Law Judge issued an amended award which was the basis for the judgment in issue.

The printed form utilized for the amended award recited that compensation was awarded in favor of the Employee "against the above employer and insurer," but the space for identification of the "Insurer" was completed with the words "Insurance coverage as indicated in Insurer's Exhibit No. 1." Form 31 used by the Division in connection with the amended award also identified the Insurer in the same manner and contained the words "See Findings of Fact" in response to question number 9, which was, "What part of employer's compensation liability for accident is insured by above insurer?" The Findings of Fact and Rulings of Law recited that "[i]nsurance coverage for employer's liability under the Missouri Workers' Compensation Law is set forth in Insurer's Exhibit No. 1."

Subsequently, the Employee filed a petition in the circuit court pursuant to § 287.-500[3] requesting a judgment in accordance with the Division's amended award.[4] The circuit court entered a "Judgment Confirming Worker's Compensation Award" in which it attached and incorporated the amended award and stated:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that a Judgment be entered in favor of the Plaintiff, JOHN H. BROWN, and against the Defendants, COLOR COATING, INC. and STATE INSURANCE FUND OF OKLAHOMA, and each of them, in accordance with the award of compensation made by the Administrative Law Judge, Division of Workers' Compensation, on March 25, 1992, as reflected in the Amended Award of Compensation attached hereto as Exhibit "A", subject to the qualifications as stated therein.

One of the points raised by the Insurer on this appeal is that the judgment was void because it was not sufficiently definite and certain to permit enforcement without resort to external proof or a further hearing. Because we find that point to be determinative of this appeal, we need not discuss the other points.

1. Neither Employer nor Employee has filed a brief in this appeal.

2. The record filed with this court does not include a transcript.

3. All references to statutes are to RSMo 1986, V.A.M.S.

4. Apparently the circuit court found that no application for review or appeal was filed concerning the amended award.

A Workers' Compensation award adjudicates the rights of the parties as effectively as a judgment of a court of law, and proceedings pursuant to § 287.500 merely provide a method for enforcement of the award. *Spradling v. Wackman Welded Ware Co.*, 239 Mo.App. 1195, 205 S.W.2d 290, 291 (1947). While not providing a complete review of the award after the time for a direct appeal has expired, an appeal from a judgment entered pursuant to § 287.500 does permit review under the principles applicable to collateral attacks on judgments. *See Brashear v. Brand–Dunwoody Milling Co.*, 21 S.W.2d 191, 192–93 (Mo.App.1929). Judgments which are void are subject to collateral attack. *LaPresto v. LaPresto*, 285 S.W.2d 568, 570 (Mo.1955); *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d 14, 19 (Mo.App. 1964). Accordingly, an appeal from a judgment entered pursuant to § 287.500 permits review to determine if the award was void. *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d at 19. If void, the award may be impeached at any time in any proceeding. *Id.*

A judgment which is indefinite is void and unenforceable. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App.1981). If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Cook v. Curtis*, 837 S.W.2d 29, 30 (Mo.App.1992). Therefore, the pertinent inquiry in the instant case is whether the judgment in question was void and unenforceable.

> An essential requirement of a judgment is that it be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. To comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuance and processing of an execution without external proof or another hearing.

*In re Marriage of Dusing*, 654 S.W.2d 938, 945 (Mo.App.1983) (quoting from *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 273 (Mo.App. 1979)). It has also been said:

> ... [A] judgment must fix the rights and responsibilities of the parties, with the obligor's duties readily understood so as to be capable of performance, and with the clerk able to issue, and the sheriff to levy, execution.

*Payne v. Payne*, 695 S.W.2d 494, 497 (Mo. App.1985); *Luna v. Grisham*, 620 S.W.2d at 428.

In the instant case, the Division's award was qualified in that it was entered against the Insurer[5] with the statement "Insurance coverage as indicated in Insurer's Exhibit No. 1," which was the insurance policy. The circuit court judgment, although specifically identifying the Insurer, entered a judgment against it and the Employer "in accordance with the award of compensation ... as reflected in the Amended Award of Compensation attached hereto as Exhibit 'A', subject to the qualifications as stated therein." The only qualification in the amended award concerned the liability of the Insurer and not the Employer. A judgment in this form does not establish the existence or extent of the Insurer's liability so as to permit issuance and processing of execution without external proof and another hearing. The judgment is, therefore, impermissibly indefinite and is void and unenforceable as to the Insurer.[6] For the reasons stated, we have no jurisdiction with reference to a void judgment other than to declare its invalidity and dismiss the appeal. This appeal is, therefore, dismissed.

PREWITT and CROW, JJ., concur.

---

5. The Insurer is not identified in the amended award itself but is identified in Exhibit No. 1 which was incorporated by reference. If there is uncertainty in a judgment as to the party against whom it is rendered, it is proper to look to the entire record to ascertain the identity of that party. *State v. Haney*, 277 S.W.2d 632, 635 (Mo.1955).

6. A judgment may be void as to some parties and regular and valid as to others. *McIntosh v. Wiggins*, 191 S.W.2d 637, 642 (Mo.1945).