Subhash BAXI, Plaintiff/Respondent,

v.

UNITED TECHNOLOGIES AUTOMO-
TIVE CORPORATION and Liberty
Mutual Insurance Company, Defen-
dants/Appellants.

No. ED 82546.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 2003.

Richard L. Hughes, Mogab & Hughes Attorneys, P.C., St. Louis, MO, for respondent.

Edward M. Vokoun, Mary Anne Lindsey, Evans & Dixon, L.L.C., St. Louis, MO, for appellants.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff, Subhash Baxi, filed a petition in the circuit court pursuant to Section 287.500 RSMo (2000) requesting a judgment against defendants, United Technologies Automotive Corporation and Liberty Mutual Insurance Company, in accordance with a final award of the Labor and Industrial Relations Commission (the Commission) allowing payments in the amount of $222.73 per week from and after November 5, 1996 through May 5, 2002 for a total amount of $63,700.78 plus interest. The trial court entered judgment in the amount prayed on June 18, 2002. Defendants thereafter filed a motion to set aside a default judgment pursuant to Rule 74.05(d) and an alternative motion to set aside the judgment as void or irregular pursuant to Rule 74.06(b). The trial court denied these motions in an Amended Judgment dated March 25, 2003. Defendants purport to appeal from the judgment entered on June 18, 2002, and from the judgment entered on March 25, 2003. Defendants claim that the trial court erred in entering its judgment of June 18, 2002 and in refusing to set the judgment aside under Rule 74.06(b) or Rule 74.05(d). We affirm.

## PROCEDURAL BACKGROUND

Plaintiff was injured on January 9, 1985, and was eventually awarded temporary total disability benefits in the amount of $222.73 per week. On December 19, 1995, the Administrative Law Judge (the ALJ) found plaintiff to be permanently totally disabled and awarded him permanent total disability payments of $222.73 per week for life. On review, the Commission modified the award of permanent total disability to permanent partial disability, and found plaintiff had been temporarily totally disabled for only 38 weeks. It determined that plaintiff was entitled to lump sum payments for permanent partial disability and that the total of these payments and the reduced total disability payment was less than the total amount defendants had previously paid in total temporary disability benefits. It found that defendants were therefore entitled to a credit for the overpayment in the amount of $66,476.47. On appeal from this award, we reversed and remanded for a re-determination of plaintiff's disability. *Baxi v. United Technologies Automotive*, 956 S.W.2d 340, 344 (Mo. App.1997) (*Baxi I*). On remand, the Commission entered a modification of final award in which it found plaintiff permanently totally disabled and affirmed the ALJ "in that regard". It reduced the award of temporary total disability payments by $7,509.18, representing the 33 5/7 weeks when plaintiff returned to work following his accident. This award was appealed to this court and we affirmed. *Baxi v. United Technologies Automotive*, 979 S.W.2d 520 (Mo.App.1998) (*Baxi II*). The circuit court entered judgment on this award.

## DISCUSSION

I. *June 18, 2002, Judgment—Motion to Dismiss Appeal*

■ In both of their points, defendants assert, in part, that the trial court erred in

entering judgment pursuant to Section 287.500 on June 18, 2002. This judgment became final on July 18, 2002. The time for filing the notice of appeal from that judgment was ten days after that date. Defendants did not timely appeal from that judgment. A motion to set aside the judgment under Rule 74.06 does not extend the trial court's jurisdiction over the matter or postpone the finality of the judgment. *See* Rule 74.06(c). Because defendants did not timely appeal, we cannot review the judgment entered June 18, 2002, in this appeal. Plaintiff's motion to dismiss the appeal is sustained with respect to the purported appeal from this judgment.

## II. *March 25, 2003, Judgment*

 We can review the timely-filed appeal from the March 25, 2003 judgment denying the 74.06(b) motion and the Rule 74.05(d) motion. The judgment denying a motion filed pursuant to 74.06(b) is appealable. *Yanuzzi v. Director of Revenue*, 14 S.W.3d 618, 620 (Mo.App.1999); *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App.1992). Likewise, a motion to set aside a default judgment pursuant to Rule 74.05(d) is an independent action and the trial court's determination of whether to grant or deny such a motion is an independent judgment that may be appealed when final. *Kueper*, 834 S.W.2d at 878.

### A. *Denial of Rule 74.06(b) Motion*

In the remainder of their first point, defendants contend that the trial court erred in denying their 74.06(b) motion because the judgment was void and irregular and they were entitled to be relieved from the judgment under Rule 74.06(b)(3) and (4). They argue that the judgment was both void and irregular because trial court never acquired jurisdiction in that the petition requesting the judgment was not served on defendants. They also argue

that the judgment was void and in excess of the court's jurisdiction because the amount of the judgment exceeded the amount awarded by the Commission in that the judgment did not take into account a credit previously awarded defendants.

Defendants moved to set the judgment aside on numerous grounds: 1) the defendants were not served with the petition; 2) it was entered before defendants had time to answer; 3) defendants received no notice of the hearing; 4) defendants were deprived of due process; and 5) the trial court exceeded its authority by failing to enter judgment in accordance with the Industrial Commission's Awards and the Court of Appeals' opinions. The trial court denied the motion on the grounds that section 287.500 does not provide for notice prior to entry of a judgment or allow relitigation of issues that were before the Labor and Industrial Relations Commission.

 The trial court is vested with broad discretion in determining whether to set aside a judgment under Rule 74.06. *Burris v. Terminal Railroad Ass'n*, 835 S.W.2d 535, 537–38 (Mo.App.1992). We will not interfere unless the record convincingly demonstrates an abuse of discretion. *Id.* at 538; *Yanuzzi*, 14 S.W.3d at 620.

 To be "irregular," a judgment "must be materially contrary to an established form and mode of procedure for the orderly administration of justice." *Burris*, 835 S.W.2d at 538. The irregularity must render the judgment contrary to a proper result. *Id.* This rule reaches only procedural error which, had they been known, would have prevented the entry of the judgment. *Id.* The concept of a "void" judgment is also narrowly restricted. *Platt v. Platt*, 815 S.W.2d 82, 84 (Mo.App.

1991). A judgment is "void" under Rule 74.06 only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner inconsistent with due process of law. *Id.* at 83. A judgment is not void simply because it is erroneous, or based on precedent later determined to be incorrect or unconstitutional. *Id.*

### 1. *Absence of Service*

■ The first question is whether defendants were deprived of due process by plaintiff's failure to serve them with the petition before the judgment was entered. A violation of a litigant's due process rights results in a void judgment. *Platt,* 815 S.W.2d at 83; *City of Excelsior Springs v. Elms Redevelopment Corp.,* 18 S.W.3d 53, 61 (Mo.App.2000). The circuit court docket sheet contains the following notation for June 5, 2002: "Summons not issued on this case Due to nature of action." It is undisputed that service was not made and no other notice was given to defendants before the judgment was rendered.

■ In a workers' compensation case, the final award of the Commission is an adjudication of the parties' rights, and is as effective as a judgment of a court of law. *Brown v. Color Coating,* 867 S.W.2d 242, 244 (Mo.App.1993); *Vaughan v. County of Mississippi,* 568 S.W.2d 817, 818 (Mo.App.1978); *Spradling v. Wackman Welded Ware Co.,* 239 Mo.App. 1195, 1198–1199, 205 S.W.2d 290, 291 (1947). Although administrative agencies may constitutionally perform certain functions traditionally reserved to the judiciary, they may not pronounce judgments. *State ex rel. Hilburn v. Staeden,* 91 S.W.3d 607, 610 (Mo. banc 2002). "The entry of a judgment remains 'the quintessential function of a court.'" *Id.* (quoting *Carr v. North Kansas City Beverage Co.,* 49 S.W.3d 205, 207 (Mo.App.2001)). "Only a court can

enforce administrative orders so that they have the effect of a judgment." *Hilburn,* 91 S.W.3d at 611. The ability to render judgments and conduct judicial review is within the exclusive power of the judiciary. *Id.* at 612. Accordingly, the Commission has no power to pronounce a judgment or to enforce a workers' compensation award. *Carr,* 49 S.W.3d at 207; *Vaughan,* 568 S.W.2d at 818. *See also McCoy v. Simpson,* 344 Mo. 215, 125 S.W.2d 833, 834 (1939). Only a court can do so. *Carr,* 49 S.W.3d at 207.

Section 287.500 authorizes the trial court to enter a judgment on a final award as if it were an original judgment of the court. *Schneidler v. Feeder's Grain & Supply, Inc.,* 24 S.W.3d 739, 741 (Mo.App.2000). It provides the means by which a final Commission award becomes enforceable. *Brown,* 867 S.W.2d at 244. It provides in part:

> Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or of the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties.

Section 287.500.

■ Section 287.500 does not require that notice be sent to the defendant prior to judgment being entered in the circuit court. It does not mandate that the parties be notified until the judgment has been entered. Although this provision has been in the workers' compensation act from its inception in 1925, we have not been directed to any Missouri cases that

have considered whether the statute's failure to require notice violates due process. However, courts in other states with similar statutory provisions have held that it does not. These cases have reached this conclusion for two different reasons, the consensual nature of the coverage and the lack of further factual adjudication required prior to the rendition of the judgment.

In states which do not require pre-entry notice and in which workers' compensation coverage is "elective," courts have held that, when an employer voluntarily elects to be covered by the workers' compensation law, it constructively agrees to be bound by all the provisions of that law and therefore cannot complain that the lack of pre-entry notice of a judgment deprives it of due process. *See Grasselli Chemical Company v. Simon,* 201 Ind. 41, 52, 166 N.E. 2, 6 (1929); *Raggi v. HG Christman Company,* 92 Ind.App. 337, 342–43, 151 N.E. 833, 834 (1926) (both construing IND. CODE ANN. Section 8020t2 (Michie Supp. 1918) (the Indiana Workmen's Compensation Act, Sec. 62, 1915 Ind. Acts p. 392)); *Taylor v. Woodall,* 183 Ga. 122, 123–24, 187 S.E. 697, 698 (1936); *Continental Casualty Co. v. Bump,* 218 Ga. 187, 189–90, 126 S.E.2d 783, 784–85 (1962) (both construing GA.CODE ANN. Section 114–711 (1933) (1920 Ga. Laws p. 200; 1931 Ga. Laws pp. 7, 43)).

Although Missouri was an "elective" state when this statute was first enacted, worker's compensation coverage became "compulsory" in 1974 for all employers with more than five employees. Sections 287.030, 287.120 RSMo (Supp.1975). Accordingly, the "consent" rationale no longer applies in Missouri.

However, another reason that statutes of this type do not deprive employers of due process is based on the facts that the statute does not give the court discretion to do anything but enter a judgment in the amount of the award and no further factual issues remain to be resolved. *See Taylor,* 183 Ga. at 123, 187 S.E. 697, *See also Parrigen v. Long,* 145 Va. 637, 134 S.E. 562 (1926) (construing VA.CODE ANN. Sec 1887(62) (Michie 1924) (Virginia Workmen's Compensation Act, Section 62, 1918 Va. Acts. p. 637)), in which the Virginia Supreme Court construed a nearly identical statute and upheld the lack of notice on the grounds that the claimant's rights have already been established and the court has no discretion but to enter judgment.

■■■ This interpretation is consistent with Missouri law. When there are no further factual issues to be resolved, due process does not require notice or hearing prior to the entry of judgment. *Smith v. Smith,* 683 S.W.2d 651, 652 (Mo.App.1984). The circuit court has no further factual issues to resolved on a petition to enter a judgment pursuant to section 287.500; it has no discretion in entering that judgment. *Vaughan v. County of Mississippi,* 590 S.W.2d 688, 689 (Mo.App.1979) (quoting *Brashear v. Brand–Dunwoody Milling,* 21 S.W.2d 191, 192 (Mo.App.1929)). The only judgment the court can enter must be in accord with the Commission's award. *Id.* (quoting *Brashear,* 21 S.W.2d at 192). In providing that the circuit court "shall render judgment" in Section 287.500, the legislature has indicated a mandate to act. *Hanks v. Rees,* 943 S.W.2d 1, 4 (Mo.App.1997). Accordingly, because the circuit court has no discretion but must enter judgment in the amount of the award, and because there are no further factual issues to be resolved, due process does not require notice prior to the rendition of a judgment under section 287.500. The judgment is not void or irregular because defendants were not given notice prior to entry of judgment.

2. *Deduction for Credit*

■ Defendants next argue that the award is void because it does not contain a deduction for the $66,476.17 credit defendants were given in the Commission's original award before it was reversed. This argument does not articulate a basis for relief under Rule 74.06(b). On its face the circuit court's judgment reflects the last final award of the Commission. Defendants' claim that they are entitled to the credit contained in the earlier award is not the proper subject of a Rule 74.06 motion. Such claim does not state a basis for finding the judgment "void" under Rule 74.06(b). *Platt*, 815 S.W.2d at 83.

For all of the above reasons, point one is denied.

### B. *Denial of Rule 74.05(d) Motion*

■ For their second point defendants assert that the trial court erred in failing to set aside the judgment under Rule 74.05(d). That rule applies only to default judgments. The trial court did not enter a default judgment pursuant to Rule 74.05, but rendered a judgment pursuant to section 287.500. A judgment rendered pursuant to section 287.500 is not a default judgment. The parties appeared and were represented by counsel at adversarial hearings before the ALJ, they obtained review from the Commission, and they appealed the final award and the modification of final award to this court. The petition to render judgment on this award is a different proceeding from a default judgment and the procedures governing default judgments do not apply. *See Horner v. CS Myers & Sons, Inc.*, 721 A.2d 394, 396 (Pa.Commw.Ct.1998). Point two is denied.

### Conclusion

Defendants' motion to strike plaintiff's brief is denied. Plaintiff's motion to dismiss the appeal is sustained in part and denied in part as moot.

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.