Claudette **TAYLOR**, Respondent,

v.

**ST. JOHN'S REGIONAL HEALTH CENTER**, Appellant.

No. 26233.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 2005.

Petition for Rehearing and Transfer Denied April 21, 2005.

Application for Transfer Denied May 31, 2005.

Frank M. Evans III, Jacinda A. Thudium, Lathrop & Gage, L.C., Springfield, MO, for appellant.

Raymond E. Whiteaker, Whiteaker & Wilson, P.C., Springfield, MO, for respondent.

JAMES K. PREWITT, Judge.

Appellant, St. John's Regional Health Center ("Employer"), appeals from a judgment entered in circuit court pursuant to § 287.500, RSMo 2000, for the enforcement of an Award of the Division of Workers' Compensation. The March 12, 1990 Award on Hearing ("Award") was entered in favor of Claudette Taylor ("Employee") against Employer and its insurer, Aetna Casualty & Surety Company.[1]

In October, 1982, Employee sustained a work-related injury to her back. The Award was entered, and temporary total disability benefits and medical expenses mentioned in the Award were paid by Employer and its insurer in July, 1990. In addition, Employer directed and provided medical treatment to cure and relieve Employee from the effects of her 1982 injury.

Between 1990 and 2003, Employee was treated for her injuries by physicians both within and outside of the St. John's health care system. Employer reimbursed Employee for treatment and prescriptions during this period. However, Employer paid only for those expenses its workers' compensation coordinator, a non-physician, approved. In September, 2003, Employer sent Employee a letter stating that while it was "responsible for [her] plan of care regarding this injury," Employer insisted that she be treated by the physician of its choice and refused to pay for treatment by any other. Employee believed that the 1990 Award allowed her to chose her own physician, and she filed suit in circuit court to enforce the 1990 Award, pursuant to § 287.500.[2]

1. Unless otherwise noted, all statutory references will be to RSMo.2000.

2. Section 287.500 reads in pertinent part: Any party in interest may file in the circuit court of the county in which the accident

In her petition filed on November 19, 2003, Employee claimed Employer failed to comply with the Award in that Employer: (1) failed to pay for medical expenses incurred by Employee for periods from May 2, 1985 to December 1, 2000 (including interest accrued therefrom) and from December 4, 2000 to October of 2003; and (2) has refused to provide care and treatment to cure and relieve Employee of the effects of her injury "and/or has placed unnecessary obstacles before Employee to prevent or circumvent Employee from receiving necessary and much needed treatment."

On March 22, 2004, the circuit court entered judgment in accordance with the certified copy of the Award "which is attached hereto and incorporated herein by reference." Employer filed a notice of appeal. Employer contends that the judgment is "void and unenforceable in that [it] is indefinite and not sufficiently certain to be susceptible of enforcement[,]" regarding any award of future medical benefits; and also time-barred under § 516.110, RSMo.

On appeal, the judgment of the circuit court will be affirmed if the award was within the jurisdiction of the Division or the Commission and the judgment was entered in accordance with the award and § 287.500. *Vaughan v. Mississippi County,* 590 S.W.2d 688, 689 (Mo.App.1979).

*Spradling v. Wackman Welded Ware Co.,* 205 S.W.2d 290, 291, 239 Mo.App. 1195, 1198 (1947), determined that the ten-year statute of limitations (now § 516.110) applies to worker's compensation final awards. The Court held that "the applicable statute of limitations began to run from the date the employer or insurer refused to comply with the award." *Id.*

Employer contends that the circuit court's judgment is void because the statute of limitations had run before Employee filed her Petition to enter judgment. Employer further asserts that Employee's own admission in her petition, that Employer "has failed to comply with the final Award[,]" is binding upon her, citing *Sayers v. Bagcraft Corp. of America, Inc.,* 597 S.W.2d 280, 282 (Mo.App.1980) ("Allegations of admissions of fact contained in the pleadings upon which the case is tried are binding on the pleader.")

Employer asserts that by Employee alleging in her Petition to enter judgment that Employer "has failed to comply with the final Award," Employee is acknowledging that the failure commenced from the time the award was entered and, therefore, the statute of limitations has run. We do not so construe those allegations since failure to comply with the Award could occur at any time within the effective date of the award, not necessarily when initially entered. Such failure could easily have occurred within the ten-year period before Employee's petition was filed, and not necessarily more than ten years before the filing of the petition.

Here, the Award was entered March 12, 1990 and Employee filed her § 287.500 petition for judgment on November 19, 2003, thirteen years later. Employee contends that "[p]ayments have continuously been made in partial satisfaction of the Award but not in complete satisfaction." The legal file contains a docket entry in which the circuit judge noted that "[c]ounsel for Employer was still complying, or attempting to comply, with the Award by the Division of Worker's [sic] Compensa-

occurred, a certified copy of ... an award of the division or of the commission from which an ... appeal has not been taken,

whereupon said court shall render judgment in accordance therewith and notify the parties.

tion in the late 1990's [sic] or early 2000's [sic]; therefore, the statute of limitations argument of Employer is without merit."

■ The record before us indicates that, at the very least, partial payments were being made by Employer in the interim period, and such partial payments will toll the statute of limitations. *Anderson v. Stanley,* 753 S.W.2d 98, 98 (Mo.App.1988). "It has long been the rule that the burden of establishing the defense of statute of limitations is upon the party who relies on it." *Southern Cross Lumber & Millwork Co. v. Becker,* 761 S.W.2d 269, 271 (Mo. App.1988). Here, Employer has not met its burden. This point is denied.

■ In its remaining point, Employer contends that the judgment is void because "the award, which was referenced and incorporated by the judgment, is not sufficiently certain in its terms regarding future medical treatment to be susceptible of enforcement. In fact, the award itself does not mention future medical treatment." In support of this contention, Employer asserts that pursuant to § 287.500 and *Brashear v. Brand–Dunwoody Milling Co.,* 21 S.W.2d 191, 192 (Mo.App.1929), on a motion to enter judgment, only the award itself is properly before the circuit court. The findings of fact cannot be considered by the circuit court and, on appellate review of the judgment, only the award and the judgment of the circuit court can be considered. *Id.*

Employer contends that the Award consists of a single page entitled "Award on Hearing." That page, Division of Workers' Compensation form WC–33–R1 (2–82), in pertinent part reads:

[T]he undersigned Administrative Law Judge of the Division of Workers' Compensation ... finds and awards compensation for said accident in favor of the above employee and against the above employer and insured as provided in the Missouri Workers' Compensation Law, as follows: For Medical Aid the sum of $27,085.00; For Temporary Total Disability the sum of $166.00 per week for 256–4/7th weeks[;] said payments to begin February 19, 1983 and to be payable and subject to modification and review as provided in said Law.

Temporary Total Disability/Permanent Partial Disability, Interest and Attorney's Fees as hereinafter set forth.

Attached hereto are the Findings of Fact and Rulings of Law made in connection wherewith.

The next page in the legal file has two subheadings, "Findings of Fact" and "Compensation Payable" and is listed as (Revised) Form 31. It indicates the compensation above and, in addition, the section designated "Compensation Payable," also includes "Probable Future Requirements: (As hereinafter set forth.)." Subsequent pages titled "Findings of Fact and Rulings of Law" and designated as WC–32–R1 (6–81) set out detailed findings. Included on the tenth page of the "Findings of Fact and Rulings of Law" is *"FUTURE MEDICAL,"* which reads:

*FUTURE MEDICAL:*

Based on the employee's testimony and the testimony of Dr. Vale that Employee was in need of long-term medication, re-evaluation and medical care and treatment, this issue is found in favor of the employee. The employer is ordered to provide such care and treatment to cure and relieve the employee from the effects of her injury. Such care and treatment shall include but not be limited to such care and treatment as set forth by Dr. Vale.

■ A proceeding under § 287.500 simply affords a method of enforcing an unappealed award of the Commission and does not involve the merit of the award. *Scan-*

*nell v. Fulton Iron Works Co.*, 289 S.W.2d 122, 125, 365 Mo. 889, 893 (1956). As such, there are no further factual issues to be resolved, and the circuit court has no discretion and may only enter judgment in accordance with the Commission's award. *Baxi v. United Technologies Automotive Corp.*, 122 S.W.3d 92, 97 (Mo.App.2003).

The first page incorporated by the judgment, as Appellant claims, is clearly part of the Award. It is entitled as such. The question is whether the provision regarding "future medical" is incorporated and became part of the Award and subsequent judgment.

Case law supports the *Brashear* conclusion that, in an appeal on a judgment filed under § 287.500, this Court must look only to the award itself and the findings of fact are not to be considered. *Brashear*, 21 S.W.2d at 192. *See also Baxi*, 122 S.W.3d at 97; *Vaughan*, 590 S.W.2d at 689; and *Spradling*, 205 S.W.2d at 291.

As noted in *Brashear, supra*, findings of fact are not considered because of § 287.500, and because when there is no appeal from the Award, findings cannot be disputed. *Brashear*, 21 S.W.2d at 192. *Brashear* notes that "the only judgment the circuit court can enter must be in accordance with the decision of the commission." *Id.* Here, the decision of the Commission was that future medical "from the effects of her injury" was to be paid.

The law is definite and is not challenged here, but that the Workers' Compensation Act permits the allowance for the cost of future medical treatment. *Landers v. Chrysler Corp.*, 963 S.W.2d 275, 283 (Mo. App.1997), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 226 (Mo.banc 2003); *P.M. v. Metromedia Steakhouses Co., Inc.*, 931 S.W.2d 846, 850 (Mo.App.1996); *Polavarapu v. Gen. Motors Corp.*, 897 S.W.2d 63, 66 (Mo.App.1995).

Such an award is an exception to the general rule regarding the "definiteness" requirements of judgments. Employer cites such cases as *Brown v. Color Coating, Inc.*, 867 S.W.2d 242 (Mo.App.1993), for the general rule that a judgment must be sufficiently certain in its terms to be susceptible of enforcement without resort to external proof or another hearing. *Id.* at 244. However, we view an award and subsequent judgment for future medical care to be an exception. In *P.M., supra*, the court rejected a contention that future medical costs in an award should be rejected because it was "vague, indefinite" and not authorized by law. *P.M.*, 931 S.W.2d at 850. We do not believe such cases as *Brown, Brashear*, and *Vaughan*, while appropriate and accurate based on their facts, control where undisputedly authentic documents from the Division of Workers' Compensation reflect a clear intent to grant future medical and which documents were made a part of the circuit court judgment.

The provision earlier noted which provides for future medical is not a finding of fact, but an obvious part of the decision of the Division. Employer has acknowledged this both by letter and in providing such medical. The first page (referred to by Employer as "the Award") references the attachment of the remainder of the Administrative Law Judge's decision, including that for future medical. It seems obvious that the decision on future medical was intended to be part of the Award.

It is undisputed that it was the intention of the Judge to award Employee future medical benefits. It appears from the record that the Judge may have simply failed to list future medical on the face of the Award, an unintended omission. Section 287.800 illustrates how the legislature in-

tended Workers' Compensation laws and documents to be interpreted. It states:

All of the provisions of this chapter shall be construed with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto.

Employer could have contested the Award before it became final. Instead, Employer paid Employee's future medical expenses, at least in part, so that Employee had no reason to know or believe that she might need to appeal and have the Award clarified or modified. Because she had no knowledge that, thirteen years later, Employer would stop paying for her medical treatment, she lost her opportunity to appeal to the Commission. Section 287.480 requires that an application for review from a Judge's award must be made within twenty days from the date of the award. *Gilmore–Vann v. AT & T Corp*, 141 S.W.3d 493, 494 (Mo.App. E.D. 2004).

Following § 287.800, we give effect to the Commission's decision and do not declare part of that decision "inoperative, illegal or void for any omission of a technical nature." Appellant's second point is denied.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.