

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| JOE DAVID HUDSON, | ) | *Opinion issued December 23, 2024* |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100659 |
| | ) | |
| JOPLIN REGIONAL STOCKYARDS, | ) | |
| INC., | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY**
**The Honorable Gayle Crane, Judge**

Joplin Regional Stockyards, Inc., ("JRS") appeals from a Jasper County circuit court order sustaining Joe David Hudson's Rule 74.09 motion to revive a judgment and overruling JRS' Rule 74.06 motion for relief from that same judgment. JRS has standing to appeal the circuit court's order. Because the circuit court erred in finding the judgment had not been satisfied, the circuit court's order sustaining Hudson's motion to revive the judgment is reversed, and Hudson's motion to revive the judgment is overruled. Rule 84.14. Hudson's motion for damages for a frivolous appeal is overruled.

## Facts and Procedural History

Hudson seriously injured his left leg while working for JRS in 2002. In 2005, Hudson entered into a Division of Workers' Compensation settlement agreement with JRS

and JRS' insurer, Star Insurance Company. The settlement agreement provided JRS and Star would pay Hudson an $80,000 lump sum. The settlement covered only Hudson, JRS, and Star's disputes regarding the extent of Hudson's disability, JRS and Star's liability for permanent total disability, and expenses for Hudson's past medical care not authorized by JRS and Star. The settlement expressly provided "future medical" expenses for Hudson's "left ankle problems directly related to this injury" remained "open."

Hudson underwent a below-the-knee amputation of his left leg in August 2011. Star claimed that the amputation was not medically necessary or authorized, and refused to pay for the procedure.

On January 9, 2013, Hudson filed the settlement in circuit court pursuant to § 287.500.[1] Hudson's petition named JRS as the sole defendant. Eight days later, the circuit court rendered judgment in accordance with the settlement. Hudson soon filed an equitable garnishment action against JRS and Star in circuit court. After being served in the equitable garnishment action, Star paid Hudson $92,000 for his outstanding medical bills, including those related to the partial amputation of his left leg. Hudson subsequently dismissed the equitable garnishment action against both parties.

In 2015, Star commissioned a life-care plan for Hudson. Star agreed to reimburse Hudson up to $610,311.75 for injury-related expenses for future medical care, accommodations, and travel. As of August 2022, Star had reimbursed Hudson $36,300.16.

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

In 2016, JRS and Hudson entered into a subordination agreement. JRS granted Hudson a deed of trust to a parcel of land. In exchange, Hudson agreed to subordinate his judgment lien on JRS' real property to an unrelated lien. In signing the subordination agreement, Hudson acknowledged he "received all payments due under the Judgment through the date of August 31, 2016, including, without limitation, the lump sum payment specified in the Stipulation for Compromise Settlement incorporated into the Judgment[.]" The subordination agreement also provided JRS' liability "pursuant to the judgment is secondary to the liability of" Star.

In August 2022, Hudson filed a Rule 74.09 motion to revive the judgment in circuit court. JRS opposed the motion on two grounds: (1) the judgment had been satisfied; and (2) the Division of Workers' Compensation had made no determination about the settlement's "open" provision regarding Hudson's future medical care. JRS also filed a Rule 74.06 motion for relief from the judgment, claiming the judgment was "void" because it was entered without sufficient "due process."

The circuit court sustained Hudson's motion to revive the judgment, concluding the judgment had not been satisfied. The circuit court also overruled JRS' motion for relief from the judgment. JRS appeals.

## Standing

Before turning to the merits of JRS' appeal, this Court must address Hudson's argument that JRS does not have standing to appeal the circuit court's order reviving the judgment. "Standing is a question of law, which is reviewed de novo." *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019) (internal quotation omitted). Section 512.020

3

permits "[a]ny party to a suit aggrieved" to appeal from "any special order after final judgment in the cause." "Aggrieved" is not statutorily defined. "Absent statutory definition, words used in statutes are given their plain and ordinary meaning with help, as needed, from the dictionary." *Alberici Constructors, Inc., v. Dir. of Revenue*, 452 S.W.3d 632, 636 (Mo. banc 2015) (internal quotation omitted). The word "aggrieved" means "showing grief, injury, or offense; having a grievance; *specif*: suffering from an infringement or denial of legal rights." *Aggrieved, Webster's Third New Int'l Dictionary* (3d ed. 2002).

The phrase "any special order after final judgment in the cause" relates to the enforcement or an "attack" on the enforcement of a final judgment. *Brooks v. Brooks*, 98 S.W.3d 530, 531 (Mo. banc 2003), *overruled on other grounds by Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 762 (Mo. banc 2019). The circuit court's ruling on a Rule 74.09 motion to revive a judgment is a "special order after final judgment in the cause." *Unifund CCR Partners Assignee of Citibank (S.D.) N.A. v. Albright*, 566 S.W.3d 594, 595 n.2 (Mo. banc 2019).

Putting these phrases together, JRS has standing to appeal the circuit court's order reviving the judgment. JRS alleges Hudson has been paid the $80,000 lump sum due under the judgment, and the revival order infringes on JRS' legal right to be free from the judgment lien because it purports to suggest JRS owes more than the judgment amount, which would be a new obligation under the settlement. This is not merely a remote possible consequence of the circuit court's order. *See Shelter Mut. Ins. Co. v. Briggs*, 793 S.W.2d

4

862, 863 (Mo. banc 1990). A judgment lien remains attached to JRS' property until the judgment is satisfied. § 511.430.

Hudson asserts JRS does have not standing to appeal the circuit court's order because it "agreed" to the entry of the judgment in 2013. But there is nothing in the plain text of § 512.020 to support this argument. Section 512.020 provides a party has standing to appeal if it is "aggrieved … from any special order after final judgment in the cause." So even if JRS consented to the entry of the judgment—a finding JRS disputes—JRS still has standing to appeal the revival of that judgment. *See Helton Constr. Co. v. High Point Shopping Ctr., Inc.*, 838 S.W.2d 87, 91 (Mo. App. 1992) (holding a consent judgment debtor had standing to appeal the circuit court's order overruling the debtor's motion to acknowledge satisfaction of the judgment).

Hudson also claims JRS is not aggrieved by the judgment because JRS is only secondarily liable to Hudson. The subordination agreement provides "the liability of JRS pursuant to the Judgment is secondary to the liability of" Star.[2] But Star is not a party to the judgment. And, in any event, a "plaintiff can recover the total amount of his judgment against any defendant who is liable." *Gustafson v. Benda*, 661 S.W.2d 11, 22 (Mo. banc 1983). JRS' secondary liability to Hudson does not mean it is not aggrieved by reviving the judgment.

---

[2] The subordination agreement did not change the relationship between JRS and Star. An insured employer's liability is "secondary and indirect." § 287.300. The insurer is "primarily and directly liable … to the injured employee." *Id.*

5

JRS is aggrieved by the circuit court's order reviving the judgment; therefore, JRS has standing to appeal the circuit court's order.

**The circuit court erred in sustaining Hudson's motion to revive the judgment**

Turning to the merits, JRS alleges the circuit court erred in reviving the judgment because the circuit court improperly found the judgment had not been satisfied. JRS is correct.

*Standard of Review*

The issue on appeal is "whether the circuit court properly applied the law governing motions to revive judgments. This purely legal issue is reviewed *de novo*." *Abright*, 566 S.W.3d at 595.

Most judgments, including the one at issue here, are presumptively paid and satisfied after 10 years unless the judgment has been revived. § 516.350.1[3]; *Beck v. Fleming*, 165 S.W.3d 156, 159 (Mo. banc 2005). Rule 74.09 establishes the procedure for reviving a judgment. "A judgment may be revived by order of the court that entered it

---

[3] Section 516.350.1 provides:

> Every judgment, order or decree of any court of record … shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

pursuant to a motion for revival by a judgment creditor within ten years of the judgment …." Rule 74.09(a). "Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived." Rule 74.09(b). As relevant here, a judgment debtor can oppose the revival on the ground the judgment has been satisfied. *Capitol Fin. Grp. LLC v. Bray*, 603 S.W.3d 700, 702 (Mo. App. 2020).

Here, Hudson and JRS entered into a partial settlement pursuant to § 287.390.[4] Section 287.390 does not prevent "parties from entering into what is, in effect, a partial settlement leaving the issue of future medical care open for future determination according to the claimant's medical condition." *State ex rel. ISP Minerals, Inc. v. Lab. & Indus. Rels. Comm'n*, 465 S.W.3d 471, 474 (Mo. banc 2015). The plain terms of the settlement did not resolve JRS' monetary obligations to Hudson for "future medical" expenses for "left ankle problems directly related to this injury." Instead, the settlement stated this issue remained "open." The judgment obligated JRS to pay Hudson only $80,000 for the issues that had been determined by the Division of Workers' Compensation.

"The determination of a claimant's benefits for future medical care pursuant to section 287.140.1" remains "within the exclusive province of the Division of Workers' Compensation." *ISP Minerals*, 465 S.W.3d at 475 (internal quotation omitted). The Commission retains authority to determine an employee's "open" claim regarding the

---

[4] RSMo Cum. Supp. 2018.

extent of an employer's liability "for future medical benefits pursuant to the workers' compensation law." *Id.* at 476.

Hudson claims *Taylor v. St. John's Regional Health Center*, 161 S.W.3d 868 (Mo. App. 2005), supports his argument that the circuit court had authority to enter judgment on JRS' liability for future medical care. *Taylor* answered the separate question of whether the Commission had intended to include a determination of the employee's future medical care in the employee's award. Unlike the present case, the award and judgment in *Taylor* did not leave the issue of liability for the employee's future medical care "open." There, the Commission resolved the issue of the employee's "future medical" expenses "in favor of [the] employee." *Id.* at 871. The employer was ordered to "provide such care and treatment to cure and relieve the employee from the effects of her injury." *Id.* The *Taylor* court held it was "obvious that the decision on future medical was intended to be part of the [a]ward." *Id.* at 872.[5]

Because the partial settlement left JRS' obligations for Hudson's medical care "open," the judgment was satisfied when JRS paid Hudson the only amount due under the partial settlement: the $80,000 lump sum. Both parties agree JRS has done so. Hudson admitted he had received the full lump-sum payment when he signed the subordination agreement. Similarly, Hudson acknowledged "Star tendered payment of the past medical

---

[5] Regardless of whether the Commission's award makes clear the employer and the insurer are responsible for future medical expenses—or, as in this case, the issue of future medical expenses is left "open"—this Court's opinion in *ISP Minerals* makes clear the determination of a claimant's benefits for future medical care remains "within the exclusive province of the Division of Workers' Compensation." 465 S.W.3d at 475 (internal quotation omitted).

expenses which had been incurred by [Hudson] for the treatment which previously had been denied, and which was the subject matter of the equitable garnishment action."

The Commission retains authority going forward to determine JRS and Star's liability for Hudson's future medical care related to this workplace injury regardless of the revival of the judgment. Further, Hudson's life-care plan remains operative and binding. The circuit court erred in finding the judgment based on the partial settlement had not been satisfied. The circuit court's order sustaining Hudson's motion to revive the judgment is reserved, and this Court enters an order overruling Hudson's motion to revive the judgment pursuant to Rule 84.14.[6]

### Hudson's motion for damages for a frivolous appeal

While this appeal was pending, Hudson filed a motion requesting this Court award attorney fees as damages for a frivolous appeal pursuant to Rule 84.19. This Court ordered the motion taken with the case. Rule 84.19 provides "if an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "A frivolous appeal is one that presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success." *Beyond Housing, Inc. v. Dir. of Revenue*, 653 S.W.3d 400, 414 (Mo. banc 2022) (internal quotation omitted). By definition, a partially successful appeal cannot be frivolous. Hudson's motion for damages for a frivolous appeal is overruled.

---

[6] JRS also appeals from the circuit court's order overruling JRS' Rule 74.06 motion for relief from the judgment. At oral argument, JRS' counsel conceded this issue would become moot if this Court reversed the circuit court's order reviving the judgment. Because this Court reversed the circuit court's order reviving the judgment, this issue is moot.

9

## Conclusion

Because JRS has paid the entire lump-sum due under the judgment, the circuit court's order sustaining Hudson's motion to revive the judgment is reversed, and this Court enters an order overruling Hudson's motion to revive the judgment.

 

_____
Zel M. Fischer, Judge

All concur.