Ronald CARR, Deceased, Appellant,

v.

NORTH KANSAS CITY BEVERAGE COMPANY, Respondent.

No. WD 58851.

Missouri Court of Appeals, Western District.

May 15, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

■■■■■■■■■■
■■■■■■■■■■

———

Douglass F. Noland, Kansas City, for appellant.

Mark A. Cordes, Brian Bose, St. Louis, for respondent.

Before ULRICH, P.J., EDWIN H. SMITH, and NEWTON, JJ.

ULRICH, Judge.

Ronald Carr, deceased, [hereinafter "Appellant"] appeals the order of the Labor and Industrial Relations Commission [hereinafter "Commission"] denying his motion to Compel Compliance with Award Regarding Interest on death benefits and funeral expenses awarded by the Commission to Appellant's widow and minor child. In his sole point on appeal, Appellant claims that the Commission erred in denying his motion to compel compliance with the Commission's award and failing to order interest on past benefits and funeral expenses where the Commission's award provided that "any past due compensation shall bear interest as provided by law." The decision of the Commission is affirmed.

## I. Facts

The widow and minor child of Appellant brought a workers' compensation action against Appellant's employer, North Kansas City Beverage Company [hereinafter "Employer"], seeking death and burial benefits for Appellant's death as a result of a motor vehicle accident on March 25, 1994. After a hearing on the matter, the Administrative Law Judge issued an award finding that Appellant's death did not arise out of and in the course of his employment with North Kansas City Beverage Company.

Appellant timely filed an Application for Review with the Commission. On review, the Commission reversed the Administrative Law Judge's decision and ordered Employer to pay Appellant's widow and minor child $470.06 per week in death benefits and $5000 in funeral expenses. The Commission's award further ordered that "[a]ny past due compensation shall bear interest as provided by law ." This court affirmed the Commission's award by an order dated December 28, 1999.

On or about April 20, 2000, Employer tendered to Appellant's widow and minor child past due benefits in the amount of $151,658.72, which represented past weekly benefits from the date of Appellant's death to the date the benefits were tendered, along with $5000 for funeral expenses as directed by the Commission. Employer, however, did not tender any sum representing interest owed on past due benefits and funeral expenses. Appellant has since made repeated demands for payment of interest on past benefits and funeral expenses, but Employer has refused to pay any interest. Consequently, Appellant filed with the Commission a Motion to Compel Compliance with the Award Regarding Interest on death benefits and funeral expenses. The Commission denied Appellant's motion on July 6, 2000, stating that it had no power to enforce the award and, therefore, lacked subject matter jurisdiction. This appeal followed.

## II. Point on Appeal

■ In his sole point on appeal, Appellant asserts that the Labor and Industrial Relations Commission does have jurisdiction to address Appellant's Motion to Compel Compliance with the Award Regarding

Interest and, therefore, erred in denying his motion and failing to order interest on past benefits and funeral expenses because the Commission's award ordered that "[a]ny past due compensation shall bear interest as provided by law," and the law provides that interest on past benefits and funeral expenses should accrue and be payable thirty days from the date of the award of the Commission to the time the benefits were paid.

Employer makes two points in response to Appellant's argument. Employer's first point is dispositive of the case. In its first point, Employer claims that the Commission is without enforcement power and jurisdiction to address Appellant's Motion to Compel Compliance with Award Regarding Interest, and, therefore, the trial court properly denied Appellant's motion.

■■■ A basic tenet of administrative law provides that "an administrative agency has only such jurisdiction or authority as may be granted by the legislature." *Livingston Manor, Inc. v. Dep't of Soc. Servs., Div. of Family Servs.,* 809 S.W.2d 153, 156 (Mo.App. W.D.1991). The Labor and Industrial Relations Commission is an administrative agency created by statute, and therefore, possesses no more authority than that granted by statute. § 286.060, RSMo 2000; *Mikel v. Pott Indus./St. Louis Ship,* 896 S.W.2d 624, 626 (Mo. banc 1995). If the Commission lacks statutory power, it is without subject matter jurisdiction. *Livingston,* 809 S.W.2d at 156. Subject matter jurisdiction cannot be enlarged or conferred by consent or agreement of the parties. *Id.*

■■■ The Commission has no power to render a judgment. § 287.500, RSMo 2000; *Lederer v. State, Dept. of Soc. Servs., Div. of Aging,* 825 S.W.2d 858, 862 (Mo.App. W.D.1992). The rendering of a judgment is the quintessential function of a court. *Lederer,* 825 S.W.2d at 862. The Commis-

sion is not a court, and therefore, cannot pronounce a judgment. Moreover, the Commission is without authority to enforce an award. *McCoy v. Simpson,* 344 Mo. 215, 125 S.W.2d 833, 834 (1939). Only a court can enforce an administrative agency's order. *Percy Kent Bag Co. v. Missouri Comm'n on Human Rights,* 632 S.W.2d 480, 484 (Mo. banc 1982); *Lederer,* 825 S.W.2d at 862. Thus, the Commission was correct in denying Appellant's motion because it lacked authority to compel compliance with the Commission's award. Appellant's point is denied. The decision of the Commission is affirmed.

EDWIN H. SMITH, J. and NEWTON, J., concur.