**Luke ROTH (deceased) and Mary Roth, et al., Respondents,**

v.

**J.J. BROUK & COMPANY CORP. and Amerisure Insurance Co., Appellants.**

**No. ED 96708.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 15, 2011.

Mary Anne Lindsey, St. Louis, MO, for appellant.

Christina Nielsen, St. Louis, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Presiding Judge.

J.J. Brouk & Company (Employer) and its insurer appeal the order of the Labor and Industrial Relations Commission denying their motion to approve a structured settlement with the family of deceased employee Luke Roth.[1] We reverse and remand.

### Background

Luke Roth was exposed to asbestos while working for Employer between 1972 and 1976. He later developed lung cancer and died in 2002. His widow, Mary, filed the underlying worker's compensation claim alleging that the asbestos exposure caused Roth's death. The case was fully litigated, voluminous evidence was presented, and in 2004 the Commission awarded death benefits to Mary and the couple's three children in accordance with section 287.240 of the workers' compensation act.

After a time, uncertainty arose as to the children's continuing dependency status and Mary's future marital status. So, in 2011, the parties executed a structured settlement agreement, permitted by section 287.241, by which they intended to supersede the Commission's 2004 award. The settlement agreement sought to eliminate uncertainty and instead provided for a lump-sum payment and future periodic payments as specifically set forth therein. Mary executed the agreement on behalf of herself and the children, and Appellants submitted it to the Commission for approval as required by section 287.390.1 and 8 C.S.R. 20–3.010(3)–(5).

The Commission summarily dismissed Appellants' request for lack of jurisdiction, stating only that "The Workers' Compensation Law— § 287.241 in particular— does not grant the Commission the authority to approve a structured settlement." Appellants contend that the Commission erred as a matter of law in that its jurisdiction over the case continues, and its authority to approve structured settlements lies in section 287.390.

### Standard of Review

Our standard of review is set forth in section 287.495.1 RSMo 2000. An appellate court shall only review questions of law and may modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* Appellants present a question of law, so our review is de novo. *Id.; Grubbs v. Treasurer of Missouri as Custodian of Second Injury Fund,* 298 S.W.3d 907, 910 (Mo.App.2009).

### Discussion

 It is well settled that "an administrative agency has only such jurisdiction or authority as may be granted by the legislature." *Carr v. N. Kansas City Beverage Co.,* 49 S.W.3d 205, 207 (Mo.App. W.D.2001). The Commission is an administrative agency created by statute and, as such, possesses no more authority than that granted by statute. *Id.;* §§ 287.060 and 287.110 RSMo 2005. "If the Commis-

1. The claimants are: Mary Katherine Roth, as surviving spouse and mother and natural guardian of the then-minor children, Louis Ronald Roth, Anne Elizabeth Roth, and Clare Alice Roth.

sion lacks statutory power, it is without subject matter jurisdiction." *Id.*[2]

Section 287.240 provides the general framework for the payment of death benefits to a deceased employee's dependents (*e.g.*, burial expenses, income replacement calculations and payment, dependent eligibility, record-keeping). Sub-section (9) requires dependents to file a report with the division of workers' compensation to confirm or update their eligibility status on a yearly basis. The code of state regulations grants the Commission sole authority to modify final awards of death benefits "from time-to-time upon its own motion or upon motion by an interested party." 8 C.S.R. 20–3.010(4). This paragraph specifically contemplates modifications based on changes in dependent eligibility—the precise variable driving the parties' settlement here.[3]

As an alternative to the general framework, Section 287.241 allows for structured settlements whereby parties can depart from the standard calculations imposed under section 287.240 and instead agree to different benefits, provided that the debt is secured by indemnity insurance through a state-approved company. Although this section empowers parties to enter into structured settlements, it is silent as to the Commission's authority to approve settlements of any kind. Finding no such authority in this particular statute, the Commission evidently ended its inquiry and dismissed the parties' request for lack of jurisdiction. In doing so, however, the Commission overlooked section 287.390, which *requires* agency approval of all types of settlements. This section specifies that settlement agreements are only valid when approved by the Commission (or by an ALJ for cases still pending there (8 C.S.R. 20–3.010(2)(D)), and such approval *shall* be granted as long as the agreement is not the result of undue influence or fraud and the claimant understands his or her rights and benefits and voluntarily accepts the terms. § 287.390.1. Similarly, 8 C.S.R. 50–2.010(18)(C) states that a settlement *will* be approved unless it is not in accordance with the rights of the parties.

■ Given the foregoing statutory and regulatory scheme—particularly constru-

---

**2.** Consistent with *Carr,* the Commission in its order and Appellants in their brief conflate the concepts of jurisdiction and authority. The division's own regulations also employ these terms interchangeably. In a non-administrative context, jurisdiction and authority are two separate and distinct inquiries. See *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo.2009). A circuit court's subject matter jurisdiction over civil and criminal cases stems from the Missouri Constitution, article V, sec. 14, while a court's authority to grant relief in a particular case will lie in a specific statute or at common law. *McCracken v. Wal–Mart Stores East, L.P.,* 298 S.W.3d 473 (Mo.2009). It is unclear whether *Webb* should apply by analogy to administrative cases. If it doesn't, then, under *Carr,* the Commission will have jurisdiction so long as it has statutory authority for a particular act or remedy. § 286.060.1(3). Or, applying *Webb*'s nomenclature, there is no question here that the Commission possesses jurisdiction over the subject matter of the underlying cause of action. Roth's case clearly fell under the aegis of the department of labor and industrial relations and within the scope of the workers' compensation act. Mo. Const. art. IV, sec. 49, § 288.060.1(3), § 287.060, § 287.110. Rather, the issue now is whether the Commission possesses *authority* to grant the specific relief requested here, namely its approval of the parties' structured settlement.

**3.** By analogy, section 287.530 and 8 C.S.R. 20–3.010(5) similarly authorize the Commission to commute future compensation into a lump sum adjusted to present value when such an arrangement is warranted by the circumstances (*e.g.,* expatriation of a dependent, disposition of an employer's assets) and is in the best interests of the claimant(s).

ing *in pari materia* section 287.241 allowing parties to enter into structured settlements, section 287.390 stating that all settlements require Commission approval in order to be valid and enforceable, and 8 C.S.R. 20–3.010(4) authorizing the Commission to modify death benefit awards upon a party's motion—we fail to see how the Commission found itself lacking the authority to consider the merits of the parties proposed settlement agreement here. Quite to the contrary, "The law places a duty upon the Commission to either approve or disapprove any settlement attempted to be made. This duty cannot be avoided." *McBride v. Leggett & Platt*, 998 S.W.2d 198, 201 (Mo. App. S.D.1999), quoting *Myers v. Cap Sheaf Bread Co.*, 354 Mo. 943, 192 S.W.2d 503, 503 (Mo. banc 1945).

## Conclusion

The Commission's order is reversed, and the case is remanded to the Commission for approval or rejection of the settlement agreement on its merits.[4]

ROY L. RICHTER and GARY M. GAERTNER, JR., JJ., concur.

---

4. We do not reach Appellants' final point asserting that the Commission erred by failing to approve the settlement, as the Commission has yet to examine whether the substance of the agreement comports with statutory requirements.