James E. SANDERS, Respondent,

v.

The FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, et al., Appellants.

No. ED 97962.

Missouri Court of Appeals, Eastern District, Division Three.

March 5, 2013.

Daniel Emerson, City Counselor's Office, St. Louis, MO, for Appellant.

Stephen W. Thurmer, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

The Board of Trustees of the Firemen's Retirement System of St. Louis ("the Board") appeals from the judgment of the trial court reversing the Board's decision to deny the application of James Sanders ("Sanders") for accidental disability benefits. The Board argues the trial court erred in granting Sanders' application for accidental disability benefits based upon its finding that he is totally and permanently incapacitated for duty as the natural and proximate result of the December 13, 2007 work accident, instead of as a result of preexisting degenerative conditions in his lower back. We reverse the trial court's judgment reversing the Board's decision.

Sanders was employed by the St. Louis Fire Department as a firefighter from November of 1994 until May of 2009. For the last nine years of his employment, Sanders worked in the maintenance garage where his duties required him to perform heavy manual labor.

On December 13, 2007, Sanders was lifting the right front tire and wheel assembly with a cradle to install it on a pumper truck. As he was doing this, he felt a pain in his lower back. After this incident, he notified his supervisor and went for medical treatment at Concentra the same day.

Sanders subsequently filed an application for disability retirement on March 11, 2009. The Board denied Sanders' application after an informal hearing. Sanders appealed and requested an evidentiary hearing.

On June 15, 2010, there was an evidentiary hearing for Sanders. After the evidentiary hearing, the Board concluded the preponderance of the evidence established Sanders did not become totally and permanently incapacitated for duty as a firefighter as a natural and proximate result of an accident on December 13 while in the actual performance of his duties as a firefighter. Instead, the Board concluded the preponderance of the evidence established Sanders became totally and permanently incapacitated for duty as a firefighter as a result of degenerative conditions in the vertebrae and disks of his lower back and not as a natural and proximate result of his incident at work on December 13.

Thus, the Board denied Sanders' application for accidental disability.

Sanders then appealed to the trial court. The trial court reviewed the record and concluded that but for the December 13, 2007 incident, Sanders would not have sustained a permanent disability precluding him from his duties as a firefighter. The trial court noted Sanders' degenerative spinal condition was non-disabling and only became symptomatic after Sanders' December 13, 2007 incident. Thus, the trial court reversed the Board's decision to deny Sanders' application for accidental disability benefits because it found there was a lack of substantial and competent evidence in the record to support a finding that Sanders' asymptomatic, latent degenerative disk condition was the natural and proximate cause of the permanent disability that rendered him unable to fulfill his duties as a firefighter. This appeal follows.

■ On an appeal from a judgment of a trial court addressing the decision of an administrative agency, we review the decision of the administrative agency and not the judgment of the trial court. *Missouri Veterans Home v. Brown,* 374 S.W.3d 359, 364 (Mo.App. W.D.2012). Notwithstanding, in our mandate, we reverse, affirm or otherwise act upon the judgment of the trial court. *Id.*

According to Article V, Section 18 of the Missouri Constitution, we must determine whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law. *Id.*

■ A court reviewing the actions of an administrative agency should make a single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award. *Id.* If the Board's ruling is supported by competent and substantial evidence upon the whole record the ruling will be affirmed, even though the evidence would also have supported a contrary determination. *Missouri Veterans' Com'n v. Vanderhook,* 290 S.W.3d 115, 119–20 (Mo. App. W.D.2009). Though we consider the entire record to determine whether the decision is supported by competent and substantial evidence, we may not substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses. *Brown,* 374 S.W.3d at 364. We must look to the whole record in reviewing the Board's decision, not merely at that evidence that supports its decision, and we no longer view the evidence in the light most favorable to the agency's decision. *Id.* at 364–65.

■ When an administrative agency decision is based on the agency's interpretation and application of the law, we review the administrative agency's conclusions of law and its decision *de novo. Id.* at 365.

■ In its sole point, the Board argues the trial court erred in granting Sanders' application for accidental disability benefits based upon its finding that he is totally and permanently incapacitated for duty as the natural and proximate result of the December 13, 2007 work accident, instead of as a result of preexisting degenerative conditions in his lower back. We agree.

Section 87.200 provides:

Upon application by the member or the chief of the fire department, any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual perform-

ance of duty ... shall be retired by the board of trustees, if the medical board shall certify that the member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that the member should be retired.

After Sanders applied for disability retirement, a three physician medical review board was appointed to conduct independent medical evaluations of Sanders. This medical review board included Dr. Russell Cantrell, Dr. Tony Chien, and Dr. Tom Reinsel. This medical review board unanimously determined Sanders was physically incapacitated for further performance of duty, such incapacity was likely permanent, and Sanders should be retired. However, only two of the three physicians of the medical review board determined Sanders was physically incapacitated as a result of degenerative conditions in his spinal vertebrae and disks.

The record shows that Sanders never missed any work or had any symptoms of back pain before the December 13, 2007 incident. However, Dr. Cantrell found in his report that Sanders was "permanently incapacitated from performing his job duties as a firefighter" because he had multi-level degenerative disk and degenerative facet joint disease." Dr. Cantrell opined that Sanders' December 13, 2007 incident resulted in a lumbar strain at most. Dr. Cantrell further found Sanders' incapacity was not "a natural and proximate result of an incident occurring at work on or about December 13, 2007."

In addition, Dr. Chien diagnosed Sanders with degenerative spondylolisthesis, degenerative disc disease, spinal stenosis, and degenerative joint disease. Dr. Chien stated "[i]t is my opinion that [Sanders'] injury that he reported on December 13, 2007 caused aggravation of his pre-existing back problems." Dr. Chien found Sanders

was totally incapacitated from performing his responsibilities as a firefighter and this incapacity was a result of his lumbar pathology and not from the December 13, 2007 incident.

On the other hand, while Dr. Reinsel also found Sanders was totally and permanently incapacitated from performing his firefighting job responsibilities, he differed from Dr. Cantrell and Dr. Chien in that he found Sanders's incapacity was "a result of an accident performed in his duties as a firefighter." Dr. Brett Taylor came to the same conclusion. Also, Dr. David Volarich found the December 13, 2007 incident was the substantial contributing factor, as well as the prevailing or primary factor causing the substantial and irreversible aggravation of underlying degenerative disc disease and degenerative joint disease making previously asymptomatic conditions symptomatic to the point that they require additional medical care.

Sanders relies on *Warner v. Wurm*, 254 S.W.3d 148 (Mo.App. E.D.2008) where we reversed the trial court's reversal of the Board of Trustees of the Police Retirement System's decision to deny service-connected disability benefits to the claimant. However, in that case, which involved similar facts, the Board did not specifically state that it found one doctor more credible than the other doctors. *Id.* at 150.

However, in this case, the Board made a finding that the reports and/or testimony of Dr. Cantrell and Dr. Chien were more believable and more persuasive than those of Dr. Reinsel and Dr. Volarich on the issue of whether Sanders' total and permanent disability was the proximate result of the December 13, 2007 incident.

The Board denied Sanders' application for accidental disability allowance after determining he suffered from preexisting degenerative conditions in his spine prior to

December 13, 2007. The Board concluded Sanders' permanent and total incapacity was the result of those preexisting degenerative conditions and not the natural and proximate result of the December 13, 2007 work accident.

We are bound by the Board's determination that the reports and/or testimony of Dr. Cantrell and Dr. Chien were more believable and more persuasive than those of Dr. Reinsel and Dr. Volarich on the issue of whether Sanders' total and permanent disability was the proximate result of the December 13, 2007 incident. We must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses. *Brown*, 374 S.W.3d at 364. Therefore, we find the Board's decision was supported by sufficient competent and substantial evidence.

In conclusion, we find the trial court erred in reversing the Board's decision and granting Sanders' application for accidental disability benefits based upon its finding that Sanders is totally and permanently incapacitated for duty as the natural and proximate result of the December 13, 2007 work accident. Point granted.

The judgment of the trial court is reversed.

ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J., concur.