Joseph BECKEMEYER, Appellant,

v.

THE FIREMEN'S RETIREMENT
SYSTEM OF ST. LOUIS, et
al., Respondents.

No. ED 99484.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 15, 2013.

Richard J. Lecinski, Saint Louis, MO, for appellant.

Nancy E. Emmel, Associate City Counselor, Saint Louis, MO, for respondents.

## *OPINION*

GLENN A. NORTON, Judge.

Joseph Beckemeyer appeals the judgment affirming the decision of the Board of Trustees for The Firemen's Retirement System of St. Louis ("Board") denying Beckemeyer's application for accidental disability retirement benefits. We affirm.

## I. BACKGROUND

Beckemeyer was appointed to the City of St. Louis Fire Department in 1999. As a firefighter, Beckemeyer submitted to periodic physical examinations, including a heart and lung examination in 2008 ("2008 examination"). The 2008 examination, consisting of various assessments and pulmonary tests conducted by Dr. Charles Nester and Dr. Jeffrey Harris, was reviewed by Dr. David Kistler, Jr. Included in Dr. Kistler's report was a spirometry report which indicated "mild obstruction" of Beckemeyer's lungs and Dr. Harris' diagnosis of "moderate obstructive airways disease." Dr. Kistler concluded that Beckemeyer was capable of performing the active duties of a firefighter but noted that a repeat pulmonary function test was needed in four to six months. Beckemeyer later indicated that he failed to submit to a repeat pulmonary test as recommended by Dr. Kistler because he "was afraid of what it would show."

In April 2011, Beckemeyer reported to Dr. Robert Pozzi with concerns that he may not meet the requirements for his next physical examination. Specifically, Beckemeyer complained of two instances where he was unable to complete firefighting training exercises due to shortness of breath. Dr. Pozzi assessed Beckemeyer with mild obstruction and encouraged a visit with Dr. Harris. Beckemeyer followed up with Dr. Harris who indicated the following:

> A young man with nicotine abuse, history of asthma/intermittent wheezing over the last few years. [Pulmonary function test] several years ago showed mild-to-moderate obstruction without reversibility with a normal diffusion capacity. How much of this has evolved or not is not clear. He had screening spirometry … which … suggest[ed] that he has had progression of the disease since 2008 due to nicotine abuse.

After reviewing Dr. Harris' assessment, Dr. Pozzi provided an assessment of asthma and chronic obstructive pulmonary disease ("COPD") and referred Beckemeyer to Dr. Francisco Quinones for a second pulmonary opinion. Dr. Quinones diagnosed Beckemeyer with "mild chronic persistent obstruction consistent with asthma" and opined that Beckemeyer should no longer work as a firefighter. Dr. Pozzi agreed with Dr. Quinones' impression, indicating, "[a]fter having received the opinion of [Dr. Quinones and Dr. Harris] along with the results of [Beckemeyer's] latest pulmonary function tests, which demonstrate chronic mild persistent obstruction consistent with diagnosis of asthma, we recommend that he NOT return to firefighting." (emphasis in original).

Based on the assessments provided by Dr. Pozzi and Dr. Quinones, Beckemeyer filed an application with The Firemen's Retirement System of St. Louis for acci-

dental disability retirement benefits, alleging that his disability occurred while in the actual performance of duty. In his application, Beckemeyer stated that the cause of his disability was "asthma/obstructive airway disease" and indicated that the date of his injury was "n/a."

Following the submission of his application, Beckemeyer was examined by Dr. Cynthia Byler, Dr. Steven Stahle, and Dr. Mitchell Botney, the three doctors selected to be on the medical board in connection with his application for benefits.[1] The medical board unanimously determined that Beckemeyer was physically incapacitated for purposes of performing the duties of a firefighter, that such incapacity was likely permanent, and that Beckemeyer should be retired from firefighting. Dr. Byler listed the cause of Beckemeyer's incapacity as "asthma, obstructive lung disease" and indicated that Beckemeyer "reports a history of asthma and obstructive pulmonary disease" that was first diagnosed when he saw Dr. Kistler for the 2008 examination. Dr. Stahle reported Beckemeyer's cause of incapacity as "chronic mild persistent obstruction," stating that Beckemeyer's diagnosis was "consistent with asthma." The cause of incapacity found by Dr. Botney was asthma, and Dr. Botney gave a diagnosis of either asthma alone or a combination of asthma and COPD.

Following an informal hearing, the Board denied Beckemeyer's application. Beckemeyer appealed, and a formal evidentiary hearing was conducted where Beckemeyer's testimony and medical records were admitted into evidence. Beckemeyer testified that the medical condition causing him to stop working for the fire department was asthma and that he was not diagnosed with asthma until 2011. He acknowledged that his incapacity was not the result of a specific accident that occurred in the line of duty. Instead, Beckemeyer asserted that he was entitled to accidental disability retirement benefits pursuant to the presumption, set forth under section 87.006 RSMo Supp.2007,[2] that his incapacity was suffered in the line of duty.

Following the formal evidentiary hearing, the Board upheld its earlier decision and denied Beckemeyer's application for accidental disability retirement benefits. Specifically, the Board found that the presumption allowed by section 87.006 did not apply to Beckemeyer because Beckemeyer's 2008 examination revealed evidence of "a lung condition" or "some kind of lung condition." Because Beckemeyer relied exclusively on section 87.006 and produced no evidence to demonstrate that his incapacity occurred while in the actual performance of duty, the Board found that Beckemeyer was not entitled to accidental disability retirement benefits.

Thereafter, Beckemeyer filed a petition against The Firemen's Retirement System of St. Louis and the individual members of the Board, Leonard Wiesehan, John Brewer, Bruce Williams, Demetris Alferd, James Sondermann, Neil Svetanics, Dennis Jenkerson, and John Zakibe, requesting review of the Board's decision. The

---

1. Pursuant to section 87.160.2 RSMo 2000, "[t]he board of trustees shall designate a medical board to be composed of three physicians who shall arrange for and pass upon all medical examinations ..., shall investigate all essential statements and certificates made by or on behalf of a member in connection with an application for disability retirement and shall report in writing to the board of trustees its conclusions and recommendations upon all the matters referred to it."

2. All references to section 87.006 are to RSMo Supp.2007.

trial court affirmed the Board's decision, and Beckemeyer appeals.

## II. DISCUSSION

In his sole point on appeal, Beckemeyer argues the Board erred in denying his application for accidental disability retirement benefits because it erroneously interpreted and applied section 87.006. We disagree.

### A. Standard of Review

■ When reviewing an appeal from a trial court's judgment addressing a decision of an administrative agency, we review the administrative agency's decision and not the judgment of the trial court. *Sanders v. Firemen's Retirement System of St. Louis*, 393 S.W.3d 135, 137 (Mo.App. E.D.2013). Nevertheless, in our mandate, we reverse, affirm or otherwise act upon the trial court's judgment. *Id.*

■ "[W]e must determine whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law." *Id.* (citing article V, section 18 of the Missouri Constitution); *see also* section 536.140.2 RSMo Supp.2005. We defer to the agency's determinations on the weight of the evidence and the credibility of the witnesses. *Sanders*, 393 S.W.3d at 137. When the agency's decision was based on the interpretation or application of the law, we review the decision *de novo*. *Id.*

### B. Relevant Law

Section 87.200 RSMo 2000[3] establishes the provision for accidental disability retirement benefits for St. Louis City fire-

fighters. Section 87.200 provides, in relevant part:

> [A]ny member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty or exposure while in the actual performance of duty in response to an emergency call shall be retired by the board of trustees, if the medical board shall certify that the member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that the member should be retired.

*See also* section 4.18.155 St. Louis City Revised Code (2004).

Here, the medical board unanimously agreed that Beckemeyer was physically incapacitated for further performance of his duties, that his incapacity was likely to be permanent, and that Beckemeyer should be retired. The parties agree that Beckemeyer is totally and permanently incapacitated for duty as a firefighter and do not dispute the medical board's conclusions. Instead, the parties' dispute centers on whether Beckemeyer's incapacity was "the natural and proximate result of an accident occurring while in the actual performance of duty or exposure while in the actual performance of duty in response to an emergency call." *See* section 87.200.

Beckemeyer does not contend that his incapacity was the result of a specific accident or exposure while in the actual performance of duty. Instead, Beckemeyer relies on the presumption created by section 87.006 to show that his incapacity occurred in the actual performance of duty. Section 87.006.1 provides, in relevant part:

---

**3.** All references to section 87.200 are to RSMo 2000.

[F]or the purpose of computing retirement benefits provided by an established retirement plan, after five years' service,[4] any condition of impairment of health caused by any infectious disease, disease of the lungs or respiratory tract, hypotension, hypertension, or disease of the heart resulting in total or partial disability or death to a uniformed member of a paid fire department, who successfully passed a physical examination within five years prior to the time a claim is made for such disability or death, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in the line of duty, unless the contrary be shown by competent evidence.

*See also* section 87.005.1 RSMo 2000. Beckemeyer successfully passed Dr. Kistler's 2008 examination, within five years prior to his application for disability benefits. Accordingly, Beckemeyer's condition of impairment of health will be presumed to have been suffered in the line of duty if the examination failed to reveal any evidence of such condition.

## C. Beckemeyer is not Entitled to the Presumption Set Forth Under Section 87.006

In denying Beckemeyer accidental disability retirement benefits, the Board found that because Beckemeyer's 2008 examination revealed evidence of "a lung condition" or "some kind of lung condition," application of the presumption under section 87.006 was precluded. Beckemeyer contends that the Board erroneously interpreted and applied section 87.006 by finding that application of the presumption was precluded upon the prior examination revealing evidence of any lung condition

rather than evidence of the specific lung condition leading to Beckemeyer's incapacity, which Beckemeyer maintains was asthma. Beckemeyer argues that the 2008 examination failed to reveal any evidence of asthma, and therefore, pursuant to section 87.006, his condition of asthma is presumed to have been suffered in the line of duty. Because asthma was the cause of his incapacity and was presumed to have been suffered in the line of duty, Beckemeyer maintains that he is entitled to benefits under section 87.200.

### 1. Interpretation of Section 87.006

When interpreting section 87.006, we must ascertain the intent of the legislature from the language used and give effect to that intent if possible. *Byous v. Missouri Local Government Employees Retirement System Bd. of Trustees*, 157 S.W.3d 740, 745 (Mo.App. W.D.2005). "We give the words and phrases used their plain and ordinary meaning." *Id.*

Section 87.006.1 provides a presumption that, if certain conditions are satisfied, an applicant's "condition of impairment of health" was suffered in the line of duty. One of the necessary conditions that must be satisfied is that a physical examination of the applicant, taken within five years prior to the claim for disability benefits, "failed to reveal any evidence of such condition." In other words, if the prior examination revealed any evidence of "such condition," the presumption will not apply. The statute's use of the language, "such condition," is a clear reference to "any condition of impairment of health." Accordingly, under the plain language of section 87.006, an applicant's "condition of impairment of health" will only be presumed to have been suffered in the line of duty if the prior examination failed to re-

---

4. It is undisputed that Beckemeyer had over five years' service with the City of St. Louis Fire Department.

veal any evidence of the same "condition of impairment of health" for which the applicant seeks the benefit of the presumption.

 Because, pursuant to section 87.200, an applicant will only be entitled to accidental disability retirement benefits upon a showing that the applicant was *incapacitated* while in the actual performance of duty, section 87.006 will only aid an applicant for accidental disability retirement benefits if the "condition of impairment of health" presumed to have been suffered in the line of duty is the same condition which rendered the applicant incapacitated. Accordingly, we agree with Beckemeyer that section 87.006, when used for purposes of computing benefits under section 87.200, requires a prior examination to reveal more than evidence of any condition of impairment of health in order for the presumption to be inapplicable. Instead, the presumption will be inapplicable if the prior examination revealed any evidence of the specific condition of impairment of health which rendered the applicant incapacitated.

**2. Application of Section 87.006 to Beckemeyer**

 While the Board's decision noted that the presumption was inapplicable because the 2008 examination revealed evidence of "a lung condition" or "some kind of lung condition," we are primarily concerned with the correctness of the result rather than the route taken to reach the result. *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 22 (Mo. banc 2003). We will affirm the decision if it is correct on any ground supported by the record, regardless of whether that ground was relied upon. *Id.* Because it is clear from the record that the 2008 examination revealed evidence of Beckemeyer's condition of impairment of health which rendered him incapacitated, we find that the Board did not err in

finding that section 87.006 did not apply to Beckemeyer's claim for accidental disability retirement benefits.

In this case, Beckemeyer listed "asthma/obstructive airway disease" as the cause of his incapacity. This is consistent with the medical board's conclusions where: (1) Dr. Byler found asthma and obstructive lung disease to be the cause of Beckemeyer's incapacity; (2) Dr. Stahle concluded that chronic mild obstruction was the cause of Beckemeyer's incapacity but noted that the diagnosis was consistent with asthma; and (3) Dr. Botney listed Beckemeyer's incapacity as asthma, noting his diagnosis was asthma alone or a combination of asthma and COPD. Accordingly, section 87.006's presumption is inapplicable if Beckemeyer's 2008 examination revealed any evidence of "asthma/obstructive airway disease," the condition of impairment of health which rendered Beckemeyer incapacitated.

The 2008 examination's resulting diagnosis of moderate obstructive airways disease makes it clear that it revealed evidence of Beckemeyer's obstructive airway disease. As to Beckemeyer's condition of asthma, although the 2008 examination records do not show a diagnosis of asthma, according to Dr. Byler's medical report, Beckemeyer "report[ed] a history of asthma and obstructive pulmonary disease" that was first diagnosed when he saw Dr. Kistler in 2008. More importantly, under section 87.006, application of the presumption will be precluded upon the 2008 examination revealing *any evidence* of the condition of impairment of health, regardless of whether the examination provided a specific diagnosis of asthma. Opinions from Dr. Quinones, Dr. Pozzi, and Dr. Stahle all indicated that Beckemeyer's mild obstruction was consistent with asthma. Therefore, because the 2008 examination included a pulmonary function test

which indicated "mild obstruction" of the lungs, the 2008 examination revealed evidence of Beckemeyer's asthma. Accordingly, Beckemeyer's 2008 examination revealed evidence of Beckemeyer's condition of "asthma/obstructive airway disease," and Beckemeyer is not entitled to a presumption, pursuant to section 87.006, that his "asthma/obstructive airway disease" was suffered in the line of duty.

## D. The Board did not Err in Denying Beckemeyer Benefits Under Section 87.200

In order to be entitled to accidental disability retirement benefits pursuant to section 87.200, Beckemeyer was required to show that he was incapacitated as a result of an accident or exposure which occurred while in the actual performance of duty. To meet this burden, Beckemeyer relied exclusively on the presumption created by section 87.006. Because his 2008 examination revealed evidence of his incapacity, he is not entitled to section 87.006's presumption. Accordingly, the Board's decision denying Beckemeyer accidental disability retirement benefits is supported by competent and substantial evidence, is not arbitrary, capricious, unreasonable, or an abuse of discretion, and is authorized by law. *See Sanders,* 393 S.W.3d at 137. Point denied.

## III. CONCLUSION

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J. and
CLIFFORD H. AHRENS, J., concur.