

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| M.A.H., | ) | No. ED100636 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Michael Burton |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, FAMILTY | ) | |
| SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 19, 2014 |

### I. INTRODUCTION

Claimant M.A.H. appeals the ruling of the Director of the Family Support Division of the Missouri Department of Social Services ("Director") that her household was ineligible for food stamp benefits. On appeal, M.A.H. argues that: (1) the Director was without subject-matter jurisdiction when the Director determined that M.A.H. was ineligible for benefits; and (2) the Director erroneously ignored evidence of the cost of M.A.H.'s health insurance premiums when calculating whether M.A.H.'s household income level qualified for benefits. We affirm the Director's ruling.

### II. FACTS

In August of 2009, C.A.H., husband of M.A.H., applied for food stamp benefits with the Family Support Division ("Division") at its St. Louis County field office. The Division qualified

M.A.H. for expedited food stamps, and she received benefits in August and September of 2009. M.A.H. then supplemented her application with specific income figures for daughter, who was living in M.A.H.'s home.

In response to this additional information, the Division issued an "adverse action notice" ("First Notice"), whereby it assessed a $445 charge against M.A.H. for overpayment of benefits during August and September 2009. While it based this charge on a determination that M.A.H.'s household income level was too high to qualify for benefits during those months, it did not make a determination regarding M.A.H.'s future eligibility.

M.A.H. requested an administrative hearing before the Director to review the Division's First Notice. Before the hearing took place, however, the Division issued a second adverse action notice ("Second Notice"), wherein it determined that M.A.H.'s household income was too high to qualify for future benefits and closed M.A.H.'s claim. In response, M.A.H. requested that the administrative hearing be expanded to include review of the Division's Second Notice. The Director denied M.A.H.'s request and heard evidence only on the issue of the $445 overpayment charge as set out in the Division's First Notice.

After hearing evidence from M.A.H. and the Division, the Director issued a decision ("First Decision") reversing the Division's First Notice. The Director concluded that the Division did not properly establish the $445 overpayment charge, because the Division had failed to calculate M.A.H.'s household income in light of her status as a disabled individual. The Director made no determination regarding the Division's closure of M.A.H.'s claim, and instead ordered the Division to reassess M.A.H.'s household's eligibility based on the formula applicable to disabled individuals, which allows additional deductions for medical expenses. M.A.H. appealed the Director's First Decision to the Circuit Court of St. Louis County.

2

Before the court could rule on M.A.H.'s appeal, however, the Division reassessed M.A.H.'s eligibility for benefits according to the Director's First Decision. It then issued a third adverse action notice ("Third Notice"), wherein it determined that M.A.H. was ineligible for benefits, even according to the formula applicable to disabled individuals, and reinstituted the $445 overpayment charge.

M.A.H. requested a second administrative hearing before the Director to review the Division's Third Notice. After hearing both parties' evidence, the Director issued a decision ("Second Decision") affirming the Third Notice. Like the Division, the Director also concluded that M.A.H was not eligible for benefits according to the formula applicable to disabled individuals and that the $445 overpayment charge was properly established.

After the Director's Second Decision, the circuit court issued an order regarding the Director's First Decision. The court concluded that the Director had failed to afford M.A.H. a fair hearing, because the Director had declined to rule on the Division's Second Notice determining M.A.H. was ineligible for benefits. The court remanded for a new hearing.

Pursuant to the circuit court's order, the Director conducted a third administrative hearing to determine M.A.H.'s eligibility for benefits. After hearing both parties' evidence, the Director issued a decision ("Third Decision") that once again affirmed the Division's Third Notice. The Director again concluded that M.A.H. was ineligible for benefits, even pursuant to the formula applicable to disabled individuals, and that the overpayment charge was properly established. M.A.H. again appealed to the circuit court.

After hearing both parties' evidence, the circuit court issued an order affirming the Director's Third Decision. This appeal follows.

## III. STANDARD OF REVIEW

"When reviewing an administrative action, we examine the agency's decision, not the circuit court's judgment." *Brown v. Mo. Dep't of Soc. Servs.*, 297 S.W.3d 668, 670 (Mo. App. E.D. 2009). We review to determine "whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable, or involves an abuse of discretion; or whether the decision is unauthorized by law." *Coffer v. Wasson-Hunt*, 281 S.W.3d 308, 310 (Mo. banc 2009) (quoting *Cmty. Bancshares, Inc. v. Sec'y of State*, 43 S.W.3d 821, 823 (Mo. banc 2001)). "[W]e may not substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses." *Sanders v. Firemen's Ret. Sys.*, 393 S.W.3d 135, 137 (Mo. App. E.D. 2013). "Questions of law are matters for the independent judgment of this Court." *State Bd. of Registration for Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003).

## IV. DISCUSSION

In her first point on appeal, M.A.H. argues that the Director was without subject-matter jurisdiction when the Director determined that M.A.H. was ineligible for benefits in the Second and Third Decisions. Specifically, M.A.H. contends that the Director violated section 208.080.7, R.S.Mo. (2000), by failing to resolve all issues presented for review in the First Decision. By reversing the $445 overpayment charge, but failing to determine M.A.H.'s future eligibility for benefits, M.A.H. asserts that the Director lost jurisdiction to render the Second and Third Decisions. In response, the Division argues that all issues presented were in fact resolved in the First Decision, because the Director reversed both the Division's assessment of the $445

4

overpayment charge and its determination that M.A.H.'s household income level was too high to qualify for benefits.

M.A.H.'s argument misapprehends the nature of "subject-matter jurisdiction." "Subject-matter jurisdiction concerns 'the nature of the cause of action . . .' and exists only when the tribunal 'has the right to proceed to determine the controversy or question in issue between the parties . . . .'" *State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 72 (Mo. banc 1982) (quoting *Cantrell v. City of Caruthersville*, 221 S.W.2d 471, 476 (Mo. 1949)). It is a matter of the tribunal's "authority to render a judgment in a particular category of case." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009).[1] It is unrelated to the question of whether the Director erred by failing to follow section 208.080.7's instruction to determine "all questions presented by [an] appeal." Instead, it is a matter of whether the Director had the authority to determine the appeal at all.

As a creature of statute, an administrative agency has only such jurisdiction as may be granted by the legislature. *Roth v. J.J. Brouk & Co.*, 356 S.W.3d 786, 787 (Mo. App. E.D. 2011). Here, section 208.080 provides that an applicant denied benefits or services may appeal by requesting an administrative hearing before the Director. Section 208.080 further provides that the Director shall conduct said hearing and render a decision in the matter. In all three of M.A.H.'s appeals, therefore, the Director had subject-matter jurisdiction, because the Director

---

[1] In 2009, the Missouri Supreme Court clarified the concept of the Circuit Court's subject-matter jurisdiction in *Webb*, 275 S.W.3d 249, 253-54. It held that "[s]ubject-matter jurisdiction . . . [is a matter of the] court's authority to render a judgment in a particular category of case." *Id.* at 253. In doing so, the Court abrogated a great number of prior cases that had used the term "subject-matter jurisdiction" in a different sense. Therefore, reliance on pre-*Webb* cases discussing "subject-matter jurisdiction" is often misplaced.

Additionally, though the parties do not address whether *Webb*'s definition of subject-matter jurisdiction applies in an administrative context, the Missouri Supreme Court has employed *Webb* to distinguish an administrative body's "jurisdiction" from its "authority." *See State ex rel. Praxair, Inc. v. Mo Pub. Serv. Comm'n*, 344 S.W.3d 178, 192 n.9 (Mo. banc 2011) (citing *Webb*, 275 S.W.3d at 254). Specifically, the Court noted that a prior case's reference to an administrative body's "jurisdiction" was now more properly understood as referencing that body's "authority." *Id.*

"ha[d] the right to proceed to determine the controversy or question in issue between the parties." *State Tax Comm'n*, 641 S.W.2d at 72 (quoting *Cantrell*, 221 S.W.2d at 476). While the Director may have violated section 208.080(7) in the First Decision by failing to address M.A.H's eligibility, this failure was simply an appealable error. Because the Director's First Decision is not on appeal in this case—and because the circuit court already remanded the Director's First Decision for this error to be corrected—there is nothing more for this Court to resolve. Point denied.

In her second point on appeal, M.A.H. contends that the Director, in the Third Decision, erroneously ignored evidence of the cost of her health insurance premiums when calculating whether her household income level qualified for benefits. Specifically, M.A.H. argues that the Division "bore the burden of proof" regarding the health insurance premiums. In response, the Division argues that it bore the burden to prove that M.A.H. was ineligible for foods stamps, not to prove how much M.A.H. paid in premiums.

As an initial matter, we question both parties' assertion that the Director bears the burden of proof. Though the Director's Third Decision states that the "[a]gency bears the burden of proof in an administrative hearing when closing public assistance benefits," the decision cites no authority in support of this proposition. Likewise, neither the parties' briefs nor our own search of the relevant case law, statutes, and administrative regulations have revealed such authority.[2] Instead, our search revealed that "[i]t is the burden of the *applicant* for public assistance to establish his eligibility for public benefits." *Rader v. Mo. State Div. of Family Servs.*, 810 S.W.2d 346, 347 (Mo. App. W.D. 1991) (emphasis added).

---

[2] M.A.H.'s reliance on *White v. Dir. of Revenue*, 321 S.W.3d 298, 306 (Mo. banc 2010), for the proposition that the Director has the burden of proof is misplaced. *White* dealt with section 302.535, R.S.Mo. (2000), which "governs judicial review of an administrative suspension or revocation of a *person's [driver's] license*." *White*, 321 S.W.3d at 304 (emphasis added). Section 302.535 specifically provides that the burden of proof is on the state in such cases. *White*, 321.S.W.3d at 304. There is no such statute specifying where the burden of proof lies here.

Nevertheless, we need not decide which party bears the burden of proof, because M.A.H.'s argument misapprehends the concept of the burden of proof. She conflates the matter of one party "carrying the risk of non-persuasion . . . . [by] stand[ing] to lose if [her] evidence fails to convince the [fact-finder]," even if unopposed by the other party, *Black's Law Dictionary* 223 (9th ed. 2009), with the fact-finder's right to believe or disbelieve a specific piece of evidence. As to the fact-finder's right to believe or disbelieve a specific piece of evidence, this Court "may not substitute [its] judgment on the evidence for that of the agency, and . . . must defer to the agency's determinations on the weight [and credibility] of the evidence." *Sanders*, 393 S.W.3d at 137.

> Here, the Director determined:
>
> There was insufficient evidence to confirm the amount of [M.A.H.'s] insurance premium at the time of the application or closing. Claimant submitted a document titled "12 Month Retiree Rates." The document states that the rates are for the "group health care plan." The rates are effective 11/12/2009. The document does not indicate whether the rates apply to [M.A.H.] or any other household member. No testimony or authenticating evidence such as an affidavit was offered to prove who authored the document and who it applied to. No evidence was offered as to what rate, if any, applied to [M.A.H.'s] household. Additionally, it is unclear whether the rates, if applicable, were effective on the date of closing or application.[3]

Accordingly, the Director did not err by ignoring the evidence M.A.H. proffered regarding her health insurance premiums. Rather, the Director considered M.A.H.'s evidence and determined

---

[3] M.A.H. argues in the same point on appeal that the Director failed to make sufficient findings of fact to permit this Court to affirm the Third Decision. The requirement that the Director make sufficient findings of facts and conclusions of law in its written decisions, *see, e.g.*, *State ex rel. Pub. Counsel v. Pub. Serv. Comm'n*, 274 S.W.3d 569, 577 (Mo. App. W.D. 2009), is distinct from the matter of weight the Director accorded to the evidence of M.A.H.'s health insurance premiums. "Points containing multifarious allegations of error do not comply with Rule 84.04," *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo. App. S.D. 2006), and noncompliant points relied on do not preserve issues for this Court's review, *id.* at 119. Nevertheless, we observe that the Director's findings of fact need only be "sufficiently definite and certain . . . to enable [this Court] to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." *Pub. Counsel*, 274 S.W.3d at 577 (quoting *State ex rel. Laclede Gas Co. v. Pub. Serv. Comm'n*, 103 S.W.3d 813, 816 (Mo. App. W.D. 2003)). As this standard is flexible, *id.*, we believe Director's treatment of the matter of M.A.H.'s health insurance premiums was sufficiently definite and certain to enable our review.

that its weight was not sufficient to establish the exact amount M.A.H. paid for those premiums at the time of her application.[4]

This determination is supported by the record on appeal. *See Coffer*, 281 S.W.3d at 310. The legal file M.A.H. submitted to this Court indicates that she proffered the following evidence of her health insurance premiums: (1) an application for benefits in which M.A.H. self-reported that her premium was $600 per month; (2) a document recounting the "12 month retiree rates effective 11/1/09" of an unspecified "group health care plan," with an attendant summary of benefits; and (3) list of prescription drug costs, stating that insurance paid part of the costs. Consistent with the Director's finding, there is no indication in the record as to which rate, if any, applied to M.A.H. at the time of her application—dated 8/19/2009, approximately two and a half months prior to the effective date of the "12 month retiree rates." The premium cost M.A.H. listed on her application for benefits ($600) does not correspond with any rate listed on the "12 month retiree rates" document (the closest listed rate is $540.84 for a "spouse"). Additionally, while the list of prescription drug costs indicates that M.A.H. does have health insurance, it does not indicate the cost of her premiums. Thus, the record shows that the Director's finding, that M.A.H.'s evidence did not establish the exact cost of her health insurance premiums, is supported by competent and substantial evidence, *see Coffer*, 281 S.W.3d at 310, and we will not second-guess the Director's judgment in this matter, *Sanders*, 393 S.W.3d at 137.

Moreover, for the sake of argument, we note that M.A.H.'s point fails even if the Division bore the burden of proof to establish M.A.H.'s ineligibility, and even if we were

---

[4] We recognize that M.A.H. submitted evidence that was likely sufficient to establish the existence of her health insurance plan. For instance, M.A.H. submitted documentation of her prescription drug costs that indicated her insurance had paid a portion thereof. The Third Decision does not dispute this fact. But the Director was unable to verify the exact amount M.A.H. paid in premiums at the time of her application, not whether M.A.H. paid premiums at all. However, with this information in mind, we presume that M.A.H. can provide the necessary documentation to establish the exact cost of her premiums if a future application for benefits is filed.

required to determine whether that burden had been met. "When courts discuss the burden of proof, there are two components: the burden of producing (or going forward with) evidence and the burden of persuasion." *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 53 (Mo. banc 2001). "The burden of producing evidence is 'a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder . . . .'" *Id.* at 53 n.6 (quoting *Black's Law Dictionary* 190 (7th ed. 1999)). "[T]he burden of persuasion is 'a party's duty to convince the fact-finder to view the facts [on the whole] in a way that favors that party.'" *Id.* (quoting *Black's Law Dictionary* 190).

Here, the Division produced the entire record of M.A.H.'s dealings with the Department of Social Services regarding food stamps, dating from her initial application in 2009 to the second circuit court ruling in 2013. *Cf. id.* at 54 (holding that Director of Revenue satisfied burden of production in driver's license revocation case by submitting administrative record). The record included evidence of M.A.H.'s disability, household income, verified medical expenses (namely prescription drug and doctor visit costs), and extensive eligibility calculations pursuant to state and federal food stamp regulations. In response, M.A.H. proffered evidence intended to show the cost of her health insurance premiums, as we have recounted above. Because the trier of fact has the right to disbelieve evidence, even when it is not contradicted, *see Lewis v. Kan. Univ. Med. Ctr.*, 356 S.W.3d 796, 801 (Mo. App. W.D. 2011),[5] the Director was free to disbelieve M.A.H.'s evidence, and find in favor of the Division based on the extensive record it submitted. *Cf. Coffer*, 281 S.W.3d at 310 (explaining that this Court affirms if Director's "findings are supported by competent and substantial evidence on the record as a whole [and are not] . . . arbitrary, capricious, unreasonable, or . . . an abuse of discretion").

---

[5] However, the Director may not arbitrarily ignore uncontradicted testimony. *Id.* Reference to the Director's ruling must reveal that the Director had some basis for doing so. *Id.*

Thus, contrary to M.A.H.'s contention, the Director did not err by ignoring evidence of M.A.H.'s health insurance premiums when calculating whether her household income level qualified for benefits. Rather, the Director determined that M.A.H's evidence was insufficient to establish the exact amount she paid for those premiums at the time of her application, and the Director credited only the Division's evidence regarding M.A.H.'s medical expenses. We must defer to the Director's determination in this respect. *Sanders*, 393 S.W.3d at 137. Point II is denied.

## V. CONCLUSION

For the foregoing reasons, we affirm the Director's ruling.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen.J., and
Philip M. Hess, J., concur.