

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ELIZABETH HELLER, et al. | ) | ED107029 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1722-CC11009 |
| | ) | |
| CITY OF ST. LOUIS, et al. | ) | Honorable Joan L. Moriarty |
| | ) | |
| Respondents. | ) | Filed: June 25, 2019 |

## Introduction

This is an appeal from a decision of the Excise Division of the Department of Public Safety for the City of St. Louis (Division), granting a full drink license, full Sunday drink license, and summer garden permit to Up-Down STL, LLC (Up-Down) for operation of its business at 403-411 N. Euclid Ave. Appellants are residents living in the vicinity of the property. Appellants argue that the Division violated the applicable City ordinance by failing to consider whether granting Up-Down's license application would be a detriment to the neighborhood, and by refusing to accept evidence regarding detriment at the public hearing on the license application. Appellants further argue the Division failed to find facts regarding detriment to the neighborhood in its decision granting Up-Down's license application. Because we agree the Division's findings are inadequate, we reverse and remand.

## Background

In February of 2016, Up-Down applied for a full drink license, full Sunday drink license,[1] and summer garden permit for the premises located at 403- 11 N. Euclid Avenue in the City of St. Louis. Upon receiving notice of Up-Down's application, Appellant Elizabeth Heller (Heller) submitted a letter of protest containing the signatures of 12 property owners in the surrounding neighborhood.

On May 17, 2017, the Division held a hearing regarding the license application pursuant to City Ordinance No. 68536, Section Nine, Chapter 14.08. At the hearing, the Division's Commissioner heard evidence from both Up-Down and Heller regarding the signatures collected both in support of and in protest of the application for a liquor license. After ruling on objections regarding signatures, the parties began to discuss the character of the neighborhood and a "Good Neighbor Agreement" that Up-Down had submitted as evidence. Heller expressed that such an agreement was not enforceable and did not adequately address the protestors' concerns.

The Commissioner then told the parties that such documents will not affect his decision at that particular hearing because he was concerned only with the validity of the signatures. He stated that there would be a protest hearing in the future at which he would hear additional evidence and consider the 13 factors regarding detriment to the neighborhood. The Commissioner subsequently stated he was going to approve Up-Down's application but give two weeks to determine what terms and conditions he might impose on the license. During that time, he said he would accept additional evidence from

---

[1] For the sake of simplicity, going forward we refer to Up-Down's application as its "application for a liquor license."

anyone who wished to submit it and would go visit the premises to further determine terms and conditions that would address the neighbors' concerns.

On July 20, 2017, the Commissioner issued findings of fact and conclusions of law accompanying the grant of Up-Down's application for a liquor license. The Commissioner found that the protest petition did not contain enough valid signatures to merit a protest hearing, but he noted that he had heard the protesters' concerns at the original hearing and had had additional discussions with Heller when he visited the subject property. The decision includes 14 terms and conditions the Commissioner imposed on Up-Down's operation of its business in light of its location.

Appellants sought administrative review in the circuit court. The Circuit Court affirmed the Commissioner's decision, finding that the Division's record was adequate and Appellants failed to demonstrate that the decision was not supported by competent and substantial evidence upon the whole record; that it was arbitrary, capricious, or unreasonable; or that the Division abused its discretion. This appeal follows.

Standard of Review

In our review of an administrative decision, we review the decision of the agency, not of the circuit court. Sanders v. Firemen's Retirement Sys. of St. Louis, 393 S.W.3d 135, 137 (Mo. App. E.D. 2013). Administrative review of a contested case, as here, is governed by Section 536.140,[2] which authorizes this Court to determine whether the action of the agency

> (1) Is in violation of constitutional provisions;
>
> (2) Is in excess of the statutory authority or jurisdiction of the agency;

---

[2] All statutory references are to RSMo. (Supp. 2017), unless otherwise indicated.

3

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

We must review the whole record, and "we no longer view the evidence in the light most favorable to the agency's decision." TCF, LLC v. City of St. Louis, 402 S.W.3d 176, 181 (Mo. App. E.D. 2013) (quoting Lagud v. Kansas City Bd. of Police Comm'rs, 136 S.W.3d 786, 791 (Mo. banc 2004)).

## Discussion

Appellants argue in their first two points on appeal that the Division misapplied the applicable City ordinance in granting Up-Down's license application in that the Division (1) failed to consider whether issuance of the license would be a detriment to the neighborhood, and (2) refused to hear evidence regarding detriment at the hearing, respectively. In their third point, Appellants argue that the Division's decision is inadequate because it fails to include any factual findings regarding detriment to the neighborhood. This third point is dispositive.

## Point III

Appellants argue that the Division's decision is inadequate because it fails to include findings of fact regarding the issue of whether granting Up-Down's liquor license application would be detrimental to the neighborhood. We agree.

In a contested case, an agency is required to issue a written decision containing specific findings of fact and conclusions of law. Section 536.090; Ruffin v. City of Clinton,

4

849 S.W.2d 108, 110 (Mo. App. W.D. 1993). Absent specific findings of fact, a reviewing court cannot conduct meaningful review. Ruffin, 849 S.W.2d at 110-11 (noting circuit court had initially remanded to agency because original findings were "conclusionary and of a very general nature").

Here, the Commissioner issued detailed findings of fact regarding the validity of the signatures collected both for and against Up-Down's application. However, the decision contains no findings regarding detriment to the neighborhood. Section 14.08.080(A) of Ordinance No. 68536 states, "In determining whether to approve issuance of a retail license to a person applying therefor, the Excise Commissioner shall consider whether issuance of such license would be detrimental to the neighborhood in which the licensed premises would be located."[3] Further, Section 14.08.040 enumerates 13 factors that the Excise Commissioner "shall consider" when determining whether issuance of a license would be detrimental to the neighborhood.

Respondents argue that the Commissioner was not required to make specific factual findings regarding detriment to the neighborhood because it is clear from the record that the Commissioner considered evidence relating to the issue of detriment during the hearing as well as after the hearing when he visited the property. Respondents note that Section 14.02.040(A) of the ordinance allows for a Commissioner to impose terms and conditions upon a license when he or she finds that there is no detriment to the neighborhood but that nevertheless there are conditions not in the best interest of the neighborhood that must be addressed. Respondents argue that from the Commissioner's imposition of terms and

---

[3] The ordinance contains the same requirement for the Excise Commissioner's consideration of an applicant for a summer garden permit. Section 14.08.200(B).

5

conditions on Up-Down's licenses here, we may infer that the Commissioner found that issuing such licenses is not detrimental to the neighborhood.

However, this Court cannot infer findings of fact from the ultimate decision reached. Schwartz v. City of St. Louis, 274 S.W.3d 509, 514 (Mo. App. E.D. 2008); Standard Oil Div. of Amoco Oil Co. v. City of Florissant, 607 S.W.2d 854, 855 (Mo. App. E.D. 1980). While the Commissioner's decision does impose terms and conditions to address issues regarding the neighborhood, these are unreviewable given that the decision does not recite a factual basis for such terms and conditions.

The record reflects that the Commissioner believed (1) the initial hearing on the license application concerned only the validity of signatures, and he must grant the application in the event he found sufficient signatures; and (2) that evidence regarding detriment to the neighborhood as well as his consideration of the ordinance's 13 factors regarding detriment should be addressed at the protest hearing rather than the initial hearing.[4] However, the ordinance requires consideration of detriment to the neighborhood as part of the determination of whether to grant the license, regardless of whether there is a protest hearing. Section 14.08.080(A). The importance of this structure is evident here, where a protest hearing was scheduled and then canceled because the Commissioner determined the protest petition lacked sufficient valid signatures. Without detailed factual

---

[4] When Heller argued that the Good Neighbor Agreement was not binding on the Division, the Hearing Officer stated the following:
> [A]s I said at the beginning, my concern about approving this petition is these signatures; alright. The law is not written where if they have the majority of signature[s] required and I don't like their business plan for whatever reason, I can reject their petition . . . I understand your position is . . . if we want to start submitting letters here about how we think this business is going to affect the neighborhood then I have a lot of evidence that I want to submit . . . . [However,] the Protest Hearing that's why there's 13 factors . . . to be considered of [the license] being detrimental to the neighborhood.

6

findings and a conclusion regarding the Commissioner's determination of detriment, we cannot ensure he followed the ordinance's requirement to consider evidence of detriment outside the protest hearing and before issuing the license, nor can we review whether the terms and conditions he imposed adequately address any concerns he found to exist in the neighborhood as a result of the grant of the license here.

Respondents argue that the ordinance only requires that the Commissioner consider the issue of detriment and does not require him to make specific findings regarding each factor listed in Section 14.08.040 of the ordinance. While findings regarding each factor may not be necessary, the Missouri Administrative Procedure Act's requirement of written findings of fact, Section 536.090, RSMo. (2000), has been interpreted to mean facts "sufficiently specific to enable the court to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." Mo. Veterans Home v. Bohrer, 849 S.W.2d 77, 80 (Mo. App. W.D. 1993). Here, the evidence presented on the record regarding detriment to the neighborhood was limited given the Commissioner's statements that such evidence was properly the subject of a future protest hearing, which ultimately did not take place. Further evidence considered by the Commissioner took place off the record.[5] Thus, without detailed findings, and without a specific conclusion regarding detriment prior to the Commissioner's decision to grant the license application, we cannot discern whether the Hearing Officer properly followed the

---

[5] Because the parties' other points on appeal contain some discussion of waiver, which may resurface upon remand, we note that while it is possible to waive predecision procedural formalities such as sworn testimony or formal introduction of exhibits, parties may not waive the requirement for specific findings of fact and conclusions of law on the relevant issues. See Weber v. Fireman's Retirement Sys., 872 S.W.2d 477, 480 (Mo. banc 1994). Here, the ordinance requires the Division to consider the issue of detriment to the neighborhood. While the parties may waive their right to put evidence regarding this issue on the record, they cannot waive the requirement that the Division consider the issue of detriment and make findings regarding that issue.

ordinance or review whether the decision is supported by competent and substantial evidence upon the whole record. Point granted.

## Conclusion

Due to the absence of specific findings of fact regarding the issue of whether granting Up-Down's license application would be detrimental to the neighborhood in which the premises is located, we must reverse. We remand to the circuit court with directions to reverse the decision and remand to the Division with directions for the Division to make findings of fact and conclusions of law based on the evidence already presented, or, if necessary, to hear additional evidence and then enter its order. See Cummings v. Mischeaux, 960 S.W.2d 560, 564 (Mo. App. W.D. 1998).

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Colleen Dolan, J., concurs.

8